PER CURIAM.
This is an appeal from a conviction and sentence for first degree murder, attempted first degree murder, shooting into an occupied dwelling, and possession of a firearm during the commission of a felony. We affirm in part and reverse in part, with instructions to vacate.
Appellant, Angelo Reddick, the defendant below, was observed shooting toward a house occupied by the victims. One of the victims was killed and another injured. Appellant was charged and later convicted of four felonies: first degree murder, attempted first degree murder, shooting into an occupied dwelling, and possession of a firearm during the commission of a felony. The offenses were committed in 1986, and appellant was convicted and sentenced in 1988.
Appellant contends that the trial court erred in failing to vacate the judgments of conviction for shooting into an occupied dwelling and for possession of a firearm during the commission of a felony. Appellant argues that because all four charges stemmed from the single act of discharging a firearm, the court was obligated to dismiss these last two charges based on Carawan v. State, 515 So.2d 161 (Fla.1987). Appellant also argues that the count for possession of a firearm must be vacated because the use of a firearm is an essential element of the murder charge and attempted murder charge. The State concedes that the convictions for shooting into an occupied dwelling and possession of a firearm during the commission of a felony must be vacated, based on our opinion in Torres v. State, 527 So.2d 272 (Fla. 3d DCA), review denied, 536 So.2d 246 (Fla.1988).
In Torres, the defendant was convicted of two counts of attempted second-degree murder by discharging a firearm, unlawful possession of a firearm while engaged in a criminal offense, and shooting into an occupied building. Based on the authority of Carawan v. State, 515 So.2d at 161, and its progeny, this court vacated the convictions for unlawful possession of a firearm while *565 engaged in a criminal offense and for shooting into an occupied building.
Although, Carawan v. State, 515 So.2d at 161, has been superseded by section 775.021(4), Florida Statutes (Supp.1988), the statutory change does not apply to offenses committed prior to the effective date of the amendment. State v. Smith, 547 So.2d 613 (Fla.1989). Consequently, we affirm the convictions for first degree murder and attempted first degree murder, and reverse the convictions for shooting into an occupied dwelling and possession of a firearm during the commission of a felony, with instructions to vacate the convictions for shooting into an occupied dwelling and for possession of a firearm during the commission of a felony. Carawan v. State, 515 So.2d at 161; Jones v. State, 547 So.2d 1278 (Fla. 3d DCA 1989); Torres v. State, 527 So.2d at 272.
We are aware that in instructing the trial court to vacate the conviction for shooting into an occupied dwelling, this opinion is in conflict with Kelly v. State, 552 So.2d 206 (Fla. 5th DCA 1989), wherein our sister court upheld multiple convictions and sentences for attempted murder, shooting into an occupied vehicle, and aggravated assault with a firearm. We therefore certify conflict with Kelly.
In addition, we note that in instructing the trial court to vacate the conviction for possession of a firearm during the commission of a felony, this court has previously recognized that such ruling is in conflict with Harper v. State, 537 So.2d 1131 (Fla. 1st DCA 1989). Jones v. State, 547 So.2d at 1278 (acknowledging conflict with Harper); Gonzalez v. State, 543 So.2d 386 (Fla. 3d DCA 1989) (acknowledging conflict with Harper).
Affirmed in part, reversed in part, with instructions to vacate.