568 So.2d 902 (1990)
STATE of Florida, Petitioner,
v.
Angelo Maurice REDDICK, Respondent.
No. 75237.
Supreme Court of Florida.
September 6, 1990.
Rehearing Denied November 6, 1990.
Robert A. Butterworth, Atty. Gen., and Julie S. Thornton, Asst. Atty. Gen., Miami, for petitioner.
Kenneth P. Speiller of the Law Offices of Max P. Engel, Miami, for respondent.
GRIMES, Judge.
We review Reddick v. State, 554 So.2d 564 (Fla. 3d DCA 1989), in which the district court of appeal certified that its decision was in conflict with Kelly v. State, 552 So.2d 206 (Fla. 5th DCA 1989), review denied, 563 So.2d 632 (Fla. 1990). We have jurisdiction under article V, section 3(b)(4), Florida Constitution.
This case involves the lawfulness of multiple punishments for what purportedly is a single criminal act. It comes to us in what has been called the "Carawan window," meaning that the principles we enunciated in Carawan v. State, 515 So.2d 161 (Fla. 1987), apply, the case having arisen before the effective date of section 775.021(4), Florida Statutes (Supp. 1988), which superseded the holding in Carawan. State v. Smith, 547 So.2d 613 (Fla. 1989).
Reddick was charged with first-degree murder, attempted first-degree murder, shooting into an occupied dwelling, and possession of a firearm during the commission of a felony. The facts at trial showed that Reddick fired at least four shots into a house occupied by six persons. One shot killed one occupant, and one shot wounded another. He was found guilty as charged.
On appeal, however, the Third District Court of Appeal held that under Carawan and its own decision in Torres v. State, 527 So.2d 272 (Fla. 3d DCA), review denied, 536 So.2d 246 (Fla. 1988), the convictions for shooting into an occupied dwelling and possession of a firearm in the commission of a felony must be vacated. The court acknowledged conflict with Kelly in which the Fifth District Court of Appeal upheld separate convictions for attempted first-degree murder and shooting into an occupied vehicle.[1]
*903 The state makes three arguments. One, Carawan does not apply because each shot constituted a separate incident. Two, even if the four shots are considered one incident, Carawan, itself, held that dual convictions for attempted manslaughter and shooting into an occupied dwelling were proper. Three, even if that issue were not settled by Carawan, such a holding is consistent with Carawan principles.
Carawan involved facts somewhat similar to this case. The defendant fired several shots into a house, at least one of which struck the victim. The defendant was convicted of attempted manslaughter, aggravated battery, and shooting into an occupied structure. We held that convictions for both attempted manslaughter and aggravated battery were improper when only one shot struck the victim. While we did not strike down the conviction for shooting into an occupied structure, we did not discuss the propriety of such an outcome.
We hold that the separate convictions for homicide and shooting into an occupied dwelling may stand. Not only do the two crimes in question have no elements in common,[2]Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), they also address separate evils. Carawan, 515 So.2d at 169. Furthermore, it borders on the absurd to believe that the legislature would intend that of a fusillade of shots into a house, only the shots that struck people were unlawful, or that once one shot found a victim the other shots could not be punished. Having concluded that Carawan compels reversal on this issue, we need not decide whether Reddick's four shots constituted four separate acts.
We approve the holding in Kelly, quash the decision below, and remand for further proceedings consistent with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, BARKETT and KOGAN, JJ., concur.
NOTES
[1] The court also acknowledged conflict with Harper v. State, 537 So.2d 1131 (Fla. 1st DCA 1989), which allowed separate convictions for first-degree murder and use of a firearm in the commission of a felony. As the state did not challenge the decision to vacate the conviction for possession of a firearm in the commission of a felony, or argue that it was wrong, we decline to rule on it.
[2] Under the Florida Standard Jury Instructions in Criminal Cases, first-degree murder (section 782.04(1)(a), Florida Statutes (1985)) has three elements: (1) The victim is dead, (2) the defendant caused the death, (3) the killing was premeditated. Shooting into a dwelling (section 790.19, Florida Statutes (1985)) also has three elements: (1) The defendant shot a firearm, (2) into a public or private building, (3) wantonly or maliciously. In this case the indictment alleged that the dwelling was occupied, so the state was required to prove that fact, too.