572 So.2d 972 (1990)
Twondy Gail HENDERSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-350.
District Court of Appeal of Florida, Third District.
December 18, 1990.
*973 Bennett H. Brummer, Public Defender, and Rosa C. Figarola, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Joan L. Greenberg, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and COPE, JJ.
COPE, Judge.
Twondy Henderson appeals her convictions and sentences for theft and uttering a forged instrument. The principal question is whether, under the circumstances present here, imposition of convictions for both theft and uttering a forged instrument runs afoul of the rule announced in Carawan v. State, 515 So.2d 161 (Fla. 1987). Defendant also claims error with respect to her sentence. We affirm on the Carawan issue, but reverse the sentence.
Defendant served as a private nurse for an elderly couple. As part of her responsibilities, she made bank deposits for the couple and had access to their checks and financial records. Insofar as pertinent here, the jury found that defendant had forged personal checks and endorsements of the victims and presented forged instruments for payment at the bank on fourteen occasions. The forgeries were not detected. On some occasions the teller accepted the instrument and paid cash to the defendant. On other occasions the defendant directed the bank to deposit the proceeds of the instrument in her personal checking account, which the bank did.[1] Defendant was convicted of uttering forged instruments on each of the fourteen occasions, and for theft of the funds which she obtained by means of the same forged instruments.[2]
As the events at issue here occurred in 1986 and 1987, prior to the effective date of chapter 88-131, Laws of Florida, see generally State v. Smith, 547 So.2d 613 (Fla. 1989), the principles of Carawan v. State apply. Defendant contends that in each instance she performed but a single act  presentation of the forged instrument to the bank teller  and that Carawan proscribes the imposition of dual penalties for a single act. Defendant relies on Sikora v. *974 State, 551 So.2d 613 (Fla. 4th DCA 1989), which so held.
We take a different view. Carawan proscribes dual penalties for the same act, but where there are separate acts, then separate penalties can be imposed, even though the separate acts are part of the same criminal transaction. Carawan, 515 So.2d at 170 n. 8; see also State v. Reddick, 568 So.2d 902 (Fla. 1990).
The crime of uttering a forged instrument is committed when the defendant "utters and publishes as true a ... forged ... instrument ... knowing the same to be ... forged ..., with intent to injure or defraud any person... ." § 831.02, Fla. Stat. (1985). The crime is completed by presentation of the forged instrument for payment, regardless of whether or not the bank actually makes any payment to the defendant. See Hazen v. Mayo, 90 So.2d 123, 124 (Fla. 1956). If, for example, the bank teller detects the forgery, refuses to pay, and summons the police, the defendant has already committed the offense of uttering the forged instrument. The actual obtaining of money by means of the forged instrument is not an element of the crime. Id.
The crime of theft is committed if, among other things, the defendant "knowingly obtains or uses ... the property of another with intent to, either temporarily or permanently ... (a) [d]eprive the other person of a right to the property or a benefit therefrom [or] (b) [a]ppropriate the property to his own use or to the use of any person not entitled thereto." § 812.014(1), Fla. Stat. (1985). In the present case, in each of the fourteen instances the defendant committed the additional act of obtaining the funds from the victims' bank account. In some instances, the teller paid cash to the defendant and the defendant carried the funds away with her. In other instances, the defendant directed that the funds be deposited in her bank account, by which means the defendant obtained the money of the victims. In each instance the act of uttering the forged instrument was followed by a separate act of theft: obtaining the victims' funds.[3] The convictions were imposed for separate acts and are consistent with Carawan.[4] The convictions are therefore affirmed. We certify direct conflict with Sikora v. State, 551 So.2d 613 (Fla. 4th DCA 1989).
Defendant also contends that the trial court erred by imposing a departure sentence without setting forth written reasons. The State has confessed error on this point. At sentencing in 1990, the trial court sentenced defendant to the maximum of the permitted range pursuant to Rule 3.701(d)(11), Florida Rule of Criminal Procedure (1990), and gave no reasons for departure. The defendant's crimes were committed in 1986 and 1987, however, at which time there was no permitted range. See ch. 88-131, § 1, Laws of Fla. (adopting permitted range); Florida Rules of Criminal Procedure Re: Sentencing Guidelines (Rules 3.701 & 3.988), 522 So.2d 374 (Fla. 1988) (same). The guidelines in effect at the time of the offense are controlling. Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). Because the trial court erroneously believed that the sentence was not a departure and that departure reasons were unnecessary, we remand with directions to the trial court to consider whether a departure from the guidelines is appropriate and, if so, to set forth valid reasons for a departure. See State v. Betancourt, 552 So.2d 1107, 1108 *975 (Fla. 1989); Roberts v. State, 547 So.2d 129, 130-31 (Fla. 1989); Merritt v. State, 567 So.2d 1031, 1032 (Fla. 4th DCA 1990).
Affirmed in part, reversed in part, and remanded; conflict certified.
NOTES
[1] This was accomplished by the defendant presenting a deposit slip to the teller in each instance, as a result of which she procured the transfer of the victims' funds to her personal checking account. At such time as the funds were deposited in the defendant's own account, defendant had obtained the victims' funds within the meaning of the theft statute and thereafter exercised dominion and control over those funds.
[2] The fourteen counts of theft included two counts of grand theft and twelve counts of petit theft. Defendant was also convicted of three counts of forgery. On this appeal defendant does not challenge the forgery convictions.
[3] In an analogous pre-Carawan case, the Florida Supreme Court considered the propriety of convictions for both extortion and theft where a single sum of money was obtained. The court concluded that both convictions were proper. State v. O'Hara, 478 So.2d 24, 25 (Fla. 1985) (citing O'Hara v. State, 448 So.2d 524, 526 (Fla. 5th DCA 1984) (Cowart, J., dissenting)).
[4] Additionally, the crimes of uttering a forged instrument and theft do not address the same evil. See Carawan, 515 So.2d at 168. Uttering a forged instrument is criminalized to keep the "community entirely free from instruments that are not genuine" and to prevent the uncertainty aroused by the passing of false instruments which "places a serious handicap upon the use of genuine paper." Perkins & Boyce, Criminal Law § 8 (3d ed. 1982). The theft statute punishes the taking of another's property without consent.