GRIMES, Justice.
We review Hollinger v. State, 564 So.2d 262 (Fla. 3d DCA 1990), because of its certified conflict with Harper v. State, 537 So.2d 1131 (Fla. 1st DCA 1989). We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
Hollinger was convicted of premeditated first-degree murder and possession of a firearm during the commission of a felony as well as other crimes committed on October 1, 1987. The court below reversed his conviction on the charge of possession of a firearm during the commission of a felony on the authority of Jones v. State, 547 So.2d 1278 (Fla. 3d DCA 1989). The court also cited Reddick v. State, 554 So.2d 564 (Fla. 3d DCA 1989),[1] in support of its decision. Neither Jones nor Reddick provides a rationale, but it is evident that these decisions as well as the instant case were predicated upon the belief that the multiple convictions were precluded by principles of double jeopardy. See Gonzalez v. State, 543 So.2d 386 (Fla. 3d DCA), review denied, 549 So.2d 1014 (Fla.1989). The Harper court reached the opposite conclusion, finding clear legislative intent in the statutes that multiple punishments for first-degree murder and use of a firearm during the commission of a felony are permissible.
In State v. Baker, 456 So.2d 419 (Fla.1984), this Court held that it was permissible to convict a person of first-degree premeditated murder and use of a firearm during the commission of a felony. The position of the district court of appeal had been that multiple convictions were precluded because under the charging document and the proof, the use of a firearm during the commission of a felony was a permissible lesser included offense of first-degree premeditated murder. We explained that the analysis of lesser included offenses for purposes of double jeopardy and section 775.021(4), Florida Statutes (1979), depended solely upon the statutory elements of the charged crimes. By applying the test of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. *154 306 (1932), we pointed out that even though both crimes arose out of a single act, each of the crimes contained an element not included in the other.
Thereafter, in Carawan v. State, 515 So.2d 161 (Fla.1987), we reanalyzed many of our prior decisions dealing with multiple convictions arising out of a single act and concluded that the legislature had not intended multiple punishments for the convictions of certain crimes. However, we specifically stated that the multiple convictions for first-degree premeditated murder and the use of a firearm during the commission of a felony approved in Baker did not violate double jeopardy because of “the legislature’s manifest concern over the proliferation of violent crimes involving the use of firearms.” Carawan, 515 So.2d at 169. There is nothing that has occurred since Carawan which would mandate a different result. While the legislature has amended section 775.021(4),[2] thereby limiting the scope of Carawan, this amendment is inapplicable because it does not apply to crimes committed prior to the date of its enactment, July 1, 1988. State v. Smith, 547 So.2d 613 (Fla.1989). In any event, the amendment would be of no avail to Hollinger because it requires strict adherence to the Blockburger analysis.
We reject Hollinger’s reliance on Hall v. State, 517 So.2d 678 (Fla.1988), in which this Court held that there could not be multiple convictions for armed robbery and possession of a firearm during the commission of a felony arising out of a single act. We reached our conclusion in that case because the use of the firearm had the effect of enhancing the robbery to a higher degree of crime and that interpreting the statutes to allow for multiple convictions “would mean the offense is enhanced twice for carrying or displaying the same weapon.” Id. at 680. Accord McKinnon v. State, 523 So.2d 1238 (Fla. 1st DCA 1988) (conviction for using a firearm in the commission of a felony not permitted where manslaughter conviction has been enhanced because of the firearm), quashed on other grounds, 540 So.2d 111 (Fla.1989); Perez v. State, 528 So.2d 129 (Fla. 3d DCA 1988) (dual convictions improper where attempted first-degree murder was reclassified as a result of possession of a firearm). Contrary to Hollinger's assertion, we do not believe that because section 775.087(2), Florida Statutes (1987), mandated a three-year minimum mandatory sentence for the murder because it was committed with a firearm, there has been a double enhancement as contemplated by Hall, McKinnon, and Perez. See State v. Whitehead, 472 So.2d 730 (Fla.1985).
We hold once again that multiple convictions may be imposed for first-degree premeditated murder and use of a firearm in the commission of a felony. We quash the decision below and disapprove Jones, Reddick, and Gonzalez insofar as they conflict with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, MCDONALD, BARKETT, KOGAN and HARDING, JJ., concur.

. We recently quashed this decision. State v. Reddick, 568 So.2d 902 (Fla.1990). However, we did not pass on the point for which Reddick was cited below.

. Ch. 88-131, § 7, Laws of Fla.