591 So.2d 295 (1991)
Tracy L. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3461.
District Court of Appeal of Florida, Fourth District.
December 11, 1991.
*296 Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Jacqueline Saltiel, Asst. Atty. Gen., West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We grant the motion for rehearing, vacate our previous opinion, and substitute the following opinion.
We affirm in part and reverse in part the trial court's imposition of various costs upon Williams. The trial court did not orally assess these costs at the sentencing hearing. We reverse the imposition of two years of community control, because the trial court did not provide written reasons for the sentencing departure.
On the authority of State v. Beasley, 580 So.2d 139 (Fla. 1991), we conclude that a trial court's failure to orally pronounce the imposition of mandatory costs upon a defendant is not reversible error. Accordingly, we affirm the imposition of $20.00 in victim costs pursuant to section 960.20, Florida Statutes (1989).
We reverse the trial court's assessment of $720.00 for court costs. Because this assessment was discretionary, the trial court erred both in failing to afford Williams adequate notice and an opportunity to be heard and in failing to orally pronounce the imposition of these discretionary costs upon Williams at the sentencing hearing. See Jenkins v. State, 444 So.2d 947, 949-50 (Fla. 1984); Kord v. State, 508 So.2d 758, 758 (Fla. 4th DCA 1987). Therefore, the trial court is directed to strike the imposition of court costs upon Williams.
We also reverse the trial court's assessment of $200.00 pursuant to section 27.3455, Florida Statutes (Supp. 1990). Although this assessment was mandatory, the judgment reflects that the $200.00 assessment was waived. Therefore, the trial court is directed to strike this assessment from the order of probation.
Moreover, the trial court improperly sentenced Williams under Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla. 1980), to one year in prison. A Villery sentence consists of a "period of probation preceded by a period of confinement imposed as a special condition." Poore v. State, 531 So.2d 161, 164 (Fla. 1988). According to Villery, a special condition of probation is limited to less than one year, or no more than 364 days. Villery, 396 So.2d at 1111; Harris v. State, 576 So.2d 426, 427 (Fla. 4th DCA 1991). The trial court sentenced Williams to one year, or 365 days, which exceeded the sentencing limit by one day. Yet, even though a sentencing error exists, because Williams has already served the term of imprisonment the matter is moot and does not require reversal. See Williams v. State, 549 So.2d 734, 735 (Fla. 2d DCA 1989).
Furthermore, we reverse the trial court's imposition of the two year community control sentence on Williams, which followed his one year of imprisonment. A sentence of community control as a condition of probation is a departure sentence. State v. Mestas, 507 So.2d 587, 587-88 (Fla. 1987). Thus, the trial court was required to provide written reasons for imposing the sentence on Williams, whose recommended sentence was any nonstate prison sanction. Id.; State v. VanKooten, 522 So.2d 830, 831 (Fla. 1988). Because the trial court did not provide written reasons for the community control sentence, the sentence is reversed and remanded to the trial court for it to consider whether a departure sentence is appropriate and, if so, for it to provide written reasons for the departure. Nelson v. State, 579 So.2d 408 (Fla. 5th DCA 1991). The trial court will not be precluded by Pope v. State, 561 So.2d 554 (Fla. 1990), from entering a departure sentence because *297 the record indicates that the trial court did not realize that the sentence it gave Williams was a departure from the guidelines. See State v. Vanhorn, 561 So.2d 584, 585 (Fla. 1990); Jones v. State, 582 So.2d 181, 181-82 (Fla. 4th DCA 1991).
In summary, we affirm the trial court's imposition of $20.00 in victim costs pursuant to section 960.20. However, we reverse the trial court's imposition of $720.00 in court costs and $200.00 pursuant to section 27.3455 with directions to the trial court to strike these assessments from the order of probation. We also reverse Williams's sentence of two years of community control and remand the matter to the trial court to consider whether a departure from the guidelines is appropriate and, if so, to provide written reasons for the departure. The sentencing error of one day is moot.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
DELL, GUNTHER and POLEN, JJ., concur.