HARDING, Judge.
We have for review Martin v. State, 568 So.2d 1324 (Fla. 3d DCA 1990), in which the Third District Court of Appeal granted the State’s Motion to Certify the case to accompany Hollinger v. State, 564 So.2d 262 (Fla. 3d DCA 1990), quashed, 581 So.2d 153 (Fla.1991). We have consolidated State v. Martin, No. 77,038, in which the State seeks review of the district court’s decision with Martin v. State, No. 77,033, in which Troy Martin (Martin) raises three additional issues relating to his conviction. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution, and Jollie v. State, 405 So.2d 418 (Fla.1981).
The trial court convicted Martin of first-degree murder and use of a firearm in the commission of a felony. On appeal, the district court affirmed Martin’s conviction of the first-degree murder but reversed his conviction for use of a firearm in the commission of a felony. The district court reasoned that because “the offense ... was committed prior to the legislative amendment to section 775.021(4), Florida Statutes (Supp.1988), [Martin’s] conviction and resulting sentence [were] prohibit-ed_” Martin, 568 So.2d at 1324.
In State v. Hollinger, 581 So.2d 153 (Fla.1991), the trial court convicted the defendant for first-degree murder and possession of a firearm during the commission of a felony. The defendant in Hollinger committed the murder and other crimes prior to the legislative amendment to section 775.021(4).[1] The district court in Hollinger reversed the possession of a firearm conviction predicated on the belief that double jeopardy precluded multiple convictions for first-degree murder and possession of a firearm during the commission of a felony. We overturned the district court's decision and held that “multiple convictions may be imposed for first-degree premeditated murder and use of a firearm in the commission of a felony.” Id. at 154.
The instant case is factually similar to Hollinger, thus, we find that the trial court correctly held that Martin may be sentenced for both first-degree murder and use of a firearm in the commission of a felony.
Martin raises three additional issues for review in No. 77,033: 1) whether the trial court erred in failing to determine that the prosecutor’s reasons for use of peremptory challenges were valid; 2) whether the district court erred in applying the harmless error test to an alleged Postell[2] violation and the erroneous admission of a weapon into evidence; and 3) whether the district court erred in reaching a decision that is different in result from State v. Lee, 531 So.2d 133 (Fla.1988), which involved substantially the same controlling facts. We find no merit to these issues.
Accordingly, we quash the lower court’s decision and remand this case for disposition in light of our decision in Hollinger.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, BARKETT, GRIMES and KOGAN, JJ., concur.

. Ch. 88-131, § 7, Laws of Fla.

. Postell v. State, 398 So.2d 851 (Fla. 3d DCA 1981).