608 So.2d 567 (1992)
Kelvin SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3620.
District Court of Appeal of Florida, First District.
November 19, 1992.
James C. Banks, Sp. Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Andrea D. England, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
We reverse the sentences of appellant, Kelvin Smith, for two reasons. First, Smith contends, and the state concedes, that the trial court erred in case number 90-34CF by sentencing Smith to ten years in prison for two counts of sale of cocaine following a violation of probation, which constituted a four-cell bump up from his original recommended guideline prison sentence of three and one-half to four and one-half years. Florida Rule of Criminal Procedure 3.701(d)(14) provides that a sentence imposed after revocation of probation may be increased only one cell without a trial judge giving a reason for departure. Because the sentencing judge did not articulate a reason for departure, Smith's sentence in case 90-34CF must be reversed and the case remanded for the judge to impose a sentence within the recommended or permitted range, or within the one-cell bump up.
In case number 91-55CF, the court sentenced Smith as a habitual felony offender to 15 years in prison for robbery without a firearm. The trial judge, however, failed to make the findings required by Section 775.084(1)(a)(3) and (4), Florida Statutes (1991), that he had not been pardoned, or that the prior convictions had not been set aside in a postconviction proceeding. A trial court's failure to make such findings is reversible error, even in the absence of objection. Jones v. State, 606 So.2d 709 (Fla. 1st DCA 1992) (en banc).
The state contends that Smith agreed to a habitual-offender sentence in his plea agreement in case number 91-55CF, or, in the alternative, that he waived *568 his right to the fact-finding process by acknowledging at the sentencing hearing that he met the criteria for habitualization. On the contrary, Smith merely agreed in the plea agreement that the state attorney would recommend that he be sentenced as a habitual offender. Such an agreement cannot be considered either a stipulation or a waiver. See Harper v. State, 605 So.2d 994 (Fla. 5th DCA 1992) (defendant's acceptance of prosecutor's recommendation of habitual offender sentencing was not a stipulation of habitual offender status nor waiver of fact-finding process). Moreover, at the habitualization hearing, defense counsel acknowledged only that the state had proved the existence of the requisite two prior felony convictions. He did not mention the findings required by section 775.084(1)(a)(3) and (4).
As we have done previously, we certify the following question to the Florida Supreme Court as one of great public importance:
DOES THE HOLDING IN EUTSEY V. STATE, 383 So.2d 219 (FLA. 1980), THAT THE STATE HAS NO BURDEN OF PROOF AS TO WHETHER THE CONVICTIONS NECESSARY FOR HABITUAL FELONY OFFENDER SENTENCING HAVE BEEN PARDONED OR SET ASIDE, IN THAT THEY ARE "AFFIRMATIVE DEFENSES AVAILABLE TO [A DEFENDANT]," EUTSEY AT 226, RELIEVE THE TRIAL COURT OF ITS STATUTORY OBLIGATION TO MAKE FINDINGS REGARDING THOSE FACTORS, IF THE DEFENDANT DOES NOT AFFIRMATIVELY RAISE, AS A DEFENSE, THAT THE QUALIFYING CONVICTIONS PROVIDED BY THE STATE HAVE BEEN PARDONED OR SET ASIDE?
WIGGINTON and ZEHMER, JJ., concur.