639 So.2d 160 (1994)
Buster Lee SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3822.
District Court of Appeal of Florida, First District.
July 5, 1994.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Giselle Lylen Rivera, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Buster Lee Smith has appealed from a sentence imposed after the revocation of his probation, alleging that the trial court imposed a departure sentence for which written reasons were required. We reverse in part, and remand for re-sentencing.
On November 4, 1992, Smith pled nolo contendere to sale of cocaine and resisting arrest with violence (Counts I and II, respectively). He received two concurrent 3-year probationary terms. On April 30, 1993, an affidavit of violation of probation was filed alleging various violations, which Smith admitted; the trial court revoked probation. Smith's sentencing guidelines scoresheet reflected a recommended range of "community control or 12-30 months incarceration," and a permitted range of "nonstate prison sanction or community control or 1  3 1/2 years incarceration." The trial court sentenced Smith on Count I to one year in county jail plus one year community control followed by five years probation; it reinstated probation as to Count II.
Smith argues that the sentence imposed for Count I must be reversed. He points out that when a presumptive guidelines sentence directs community control or incarceration, the imposition of both is a departure from the guidelines, requiring proper written reasons for the departure. State v. VanKooten, 522 So.2d 830, 830-31 (Fla. 1988). This court thereafter held that community control could be combined with incarceration, Ewing v. State, 526 So.2d 1029 (Fla. 1st DCA 1988), or county jail time, Distefano v. State, 526 So.2d 110 (Fla. 1st DCA 1988), so long as the combined total was within the guidelines.
Smith notes that the latter two cases were disapproved in State v. Davis, 630 So.2d 1059 (Fla. 1994), which held that a sentencing disposition which includes combined sanctions of county jail incarceration and community control *161 constitutes a departure sentence for which written reasons must be given, even if the combined periods of incarceration and community control do not exceed the maximum period of incarceration permitted by the guidelines. Davis, 630 So.2d at 1060. Smith concludes that the sentence imposed as to Count I herein (county jail followed by community control) constitutes a departure, for which no written reasons were given.
The state does not address Smith's argument, but maintains that the sentence should be affirmed because the trial court could increase the permitted sentencing range by one cell for each of Smith's six admitted probations violations, citing Williams v. State, 594 So.2d 273 (Fla. 1992) (in cases of multiple violations of probation, the sentences may be bumped one cell for each violation, "multiple violations" being defined as successive violations following the reinstatement or modification of probation rather than the violation of several conditions of a single probation order).
The trial court herein imposed a sentence combining county jail incarceration and community control. While the total did not exceed the guidelines range, such a sentence nevertheless constitutes a departure sentence for which written reasons must be given. Davis, The trial court gave no written reasons for the departure, hence the sentence as to Count I must be reversed. However, there is no indication in the record that the trial court intended to impose a departure sentence. Therefore, the trial court is authorized upon remand to consider a departure sentence. See State v. Betancourt, 552 So.2d 1107 (Fla. 1989).[1]
ALLEN and MICKLE, JJ., and WENTWORTH, Senior Judge, concur.
NOTES
[1] The sentence as to Count I is a departure sentence, not because it exceeds the guidelines range, but because it combines county jail time and community control. The state's argument herein is therefore irrelevant. It is also incorrect. See Mullins v. State, 622 So.2d 582 (Fla. 5th DCA 1993) (when a defendant violates several conditions of a single probation order, he is not eligible to be bumped up more than one cell for violating the terms and conditions of his probation).