648 So.2d 1225 (1995)
Moses McGowan, Appellant,
v.
STATE of Florida, Appellee.
No. 94-0505.
District Court of Appeal of Florida, Fourth District.
January 18, 1995.
Richard L. Jorandby, Public Defender, and Steven H. Malone, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ettie Feistmann, Asst. Atty. Gen., West Palm Beach, for appellee.
*1226 PER CURIAM.
Appellant was charged with and found guilty of one count of possession of cocaine, a third-degree felony, and judgment entered accordingly. Relative to his conviction, appellant asserts that the court erred in denying his motions for judgment of acquittal and his motion to suppress. We conclude that the court did not err as to these matters and affirm the judgment.
Under sentencing guidelines, both the recommended sentence and the permitted sentence called for any nonstate sanction. Appellant was sentenced to 364 days county jail time, with credit for time served, followed by one year community control, followed by two years probation. This was a departure sentence for which written reasons must be given. State v. Davis, 630 So.2d 1059 (Fla. 1994); State v. VanKooten, 522 So.2d 830 (Fla. 1988). Because the trial court entered the departure sentence without written reason given, we vacate the sentence and remand for resentencing.
When a departure sentence is vacated due to the trial court's failure to give reasons in writing as required by law, the sentencing prerogatives upon remand depend upon whether the record indicates the trial court was aware it was imposing a departure sentence. If so, the remand is for resentencing within the guidelines. Pope v. State, 561 So.2d 554 (Fla. 1990). If not, upon remand the trial court must be allowed to consider whether departure is appropriate and, if so, to set forth valid written reasons for departure. State v. Betancourt, 552 So.2d 1107 (Fla. 1989). Because the record does not reflect that the trial court considered the sentence in this case to be a departure from the sentencing guidelines, we remand for the trial court to impose a guideline sentence or, upon valid reasons given in writing, a departure sentence. See Williams v. State, 591 So.2d 295 (Fla. 4th DCA 1991).
The written judgment adjudicating appellant guilty of the offense of possession of cocaine was entered January 13, 1994, and waived the $200 trust fund cost pursuant to section 27.3455, Florida Statutes, the $50 crimes compensation trust fund cost pursuant to section 960.20, Florida Statutes, and the $5 court costs pursuant to section 943.25(4), Florida Statutes. At sentencing on February 11, 1994, the court did not verbally impose any costs, but in the written sentence assessed the $200 trust fund cost (waived in the judgment) and assessed $720 in discretionary court costs. The posture of this case is virtually identical to that found in Williams v. State, 591 So.2d 295 (Fla. 4th DCA 1991), where we held the trial court, in assessing $720 for discretionary court costs, erred in failing (as here) to afford the defendant adequate notice and an opportunity to be heard on the matter of costs as required by Jenkins v. State, 444 So.2d 947 (Fla. 1984), and also erred in failing (as here) to orally pronounce the imposition of those discretionary costs upon the defendant at the sentencing hearing. On the authority of the Williams case the trial court is directed, upon remand, to strike the imposition of these discretionary costs as well as the imposition of the statutory costs which therefore had been waived in the written judgment.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
FARMER and STEVENSON, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.