650 So.2d 1085 (1995)
Paul NELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1826.
District Court of Appeal of Florida, First District.
February 21, 1995.
Nancy A. Daniels, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Giselle Lylen Rivera, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Appellant, Paul Nelson, appeals the 12-year sentence imposed upon the revocation of the probation he was serving in connection with a conviction of armed robbery. The sentence imposed by the trial court exceeds the one-cell increase permitted by Florida Rule of Criminal Procedure 3.701(d)14, and no reasons were provided in support of the departure sentence. Therefore, we must reverse *1086 the sentence and remand for re-sentencing. See Williams v. State, 594 So.2d 273, 275 (Fla. 1992); Smith v. State, 608 So.2d 567 (Fla. 1st DCA 1992). Since the record indicates the trial court was not aware that a departure sentence had been imposed, upon remand, the court may consider whether a departure sentence is appropriate in this case, and if so, to set forth valid reasons for the departure. State v. Betancourt, 552 So.2d 1107, 1108 (Fla. 1989); Smith v. State, 639 So.2d 160, 161 (Fla. 1st DCA 1994).
Accordingly, this cause is reversed and remanded for resentencing.
LAWRENCE, J., concurs.
BENTON, J., concurs with opinion.
BENTON, Judge, concurring.
At least since the decision in Pope v. State, 561 So.2d 554 (Fla. 1990), our supreme court has adhered to the view that
when an appellate court reverses a departure sentence because there were no written reasons, the court must remand for resentencing with no possibility of departure from the guidelines.
Pope, 561 So.2d at 556. Inasmuch as the decision in State v. Betancourt, 552 So.2d 1107 (Fla. 1989) antedates Pope, the continued viability of Betancourt is not beyond question, despite our decision in Smith v. State, 639 So.2d 160, 161 (Fla. 1st DCA 1994) and numerous other district court decisions to like effect. See generally Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).