PER CURIAM.
Steven Simmons appeals his written order of probation on the grounds that the trial *755 court imposed certain conditions without first pronouncing them in open court. Appellant has raised several meritorious points and to that extent we reverse as set forth below. We otherwise affirm the written order of probation.
The trial court erred in prohibiting appellant from using intoxicants to excess as a condition of probation. See Zeigler v. State, 647 So.2d 272 (Fla. 4th DCA 1994). The trial court also erred in requiring appellant, without pronouncement in open court, to pay $2 for the “County Resolution Criminal Justice Trust Fund” as this is a discretionary cost under section 943.25(13), Florida Statutes (1993). See Williams v. State, 591 So.2d 295 (Fla. 4th DCA 1991).
The trial court also partially erred when it imposed the following condition without pronouncement:
You will neither possess, carry or own any firearms, and you will not possess, carry or own any weapons without first procuring the consent of your Officer.
We affirm that part of the condition concerning firearms; however, we reverse the prohibition against weapons. See Vasquez v. State, 663 So.2d 1343 (Fla. 4th DCA 1995).
Accordingly, we remand to the trial court with instructions to correct the probation order consistent herewith.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
DELL, KLEIN and SHAHOOD, JJ„ concur.