667 So.2d 937 (1996)
STATE of Florida, Appellant,
v.
Lamarion Maurice SOLOMON, Appellee.
No. 95-02203.
District Court of Appeal of Florida, Second District.
February 9, 1996.
Robert A. Butterworth, Attorney General, Tallahassee, and Kimberly D. Nolen, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Assistant Public Defender, Bartow, for Appellee.
PARKER, Judge.
The state appeals the sentence imposed on Lamarion Maurice Solomon, arguing that the trial court erred in imposing a downward-departure sentence without providing written reasons. We agree and reverse.
*938 In two different cases the state charged Solomon with the following offenses: one count of possession of cocaine with intent to deliver, a second-degree felony; one count of possession of cocaine, a third-degree felony; three counts of delivery of cocaine, second-degree felonies; three counts of possession of cocaine, third-degree felonies; and one count of trafficking in cocaine (28 to 200 grams), a first-degree felony. Solomon entered a no contest plea to each of the nine counts. Solomon's sentencing guidelines scoresheet reflected a range between 61.35 months and 102.5 months. For each of the offenses involved, the trial court sentenced Solomon to eight years in prison suspended and two years' community control to be followed by three years' probation. The sentences were to run concurrently.
First, the third-degree felony sentences must be reversed because they exceed the five-year statutory maximum. See § 775.082(3)(d), Fla.Stat. (1993). Second, because the suspended prison sentence did not require Solomon to serve the minimum sentence required by the guidelines, the sentence constitutes a downward departure. See State v. Waldo, 582 So.2d 820 (Fla. 2d DCA 1991). See also Salemi v. State, 636 So.2d 824 (Fla. 2d DCA 1994).
When the record reflects that the trial court was aware it was imposing a departure sentence and failed to provide written reasons for the departure, on remand the trial court must resentence within the guidelines. McGowan v. State, 648 So.2d 1225 (Fla. 4th DCA 1995). From a review of the trial court's statements at sentencing, we conclude that the trial court knew it was imposing a downward-departure sentence. Accordingly, on remand, the trial court must sentence Solomon within the sentencing guidelines.
Reversed and remanded for resentencing within the guidelines.
SCHOONOVER, A.C.J., and FRANK, J., concur.