677 So.2d 27 (1996)
Beryl MOSLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1640.
District Court of Appeal of Florida, Fourth District.
June 26, 1996.
Rehearing Denied August 16, 1996.
*28 Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Aubin WadeRobinson, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, Judge.
The appellant, Beryl Mosley, entered a plea of no contest to sale and possession of cocaine. She was sentenced to nine months incarceration followed by two years "drug offender" probation. We agree with appellant that certain conditions of probation must be stricken or modified because they do not conform to the trial court's oral pronouncements. See Vasquez v. State, 663 So.2d 1343 (Fla. 4th DCA 1995), rev. dism. 666 So.2d 145 (Fla.1995); See also Shacraha v. State, 635 So.2d 1051 (Fla. 4th DCA 1994) (conditions not announced or statutorily mandated must be stricken).
We strike condition seven (that part requiring Mosley to inform her employer of her probationary status) because it was not orally pronounced. That portion of condition four providing that Mosley first procure the consent of her probation officer prior to possessing, owning or carrying a firearm is stricken. See State v. Hart, 668 So.2d 589 (Fla.1996), We strike that portion of condition ten which requires Mosley to pay $200 public defender fees, $255 statutory court costs and $50 cost of prosecution in monthly installments. The written order improperly requires Mosley to pay those sums in "equal monthly installments," contrary to the judge's oral pronouncement that a judgment for those fees would be imposed. On remand, the trial court may enter such a judgment, as opposed to monthly installments, in its written order.[1] Otherwise, these statutory conditions of probation were orally pronounced and are proper.
We reverse the trial court's assessment of a $2.00 fee for the County Resolution Criminal Justice Trust Fund. This condition of probation must be stricken as it is a discretionary cost under section 943.25(13), Florida Statutes (1993), and must be orally pronounced in open court. See Simmons v. State, 662 So.2d 754 (Fla. 4th DCA 1995).
We reject appellant's argument that the "standard conditions" of probation provided in section 948.03(1), Florida Statutes (1993), and contained in the probation order would not apply to her unless orally pronounced because she was specifically placed on "drug offender" probation pursuant to section 948.01(13), Florida Statutes (1993). Section 948.01(13)(a) provides that drug offender probation "may include those measures normally associated with community *29 control." Therefore, like a defendant placed on regular probation or community control, a defendant placed on drug offender probation is on constructive notice that some or all of the standard conditions listed in the statute may be imposed by the judge. Oral pronouncement, in either case, is not required.
We have considered the other issues raised by appellant and find no error. We remand for correction of the written order of probation consistent with this opinion.
GLICKSTEIN and KLEIN, JJ., concur.
NOTES
[1] Requiring the trial court to correct its written order to reflect a judgment entered for the costs of prosecution, public defender fees, and statutory court costs as opposed to a payment plan in "equal monthly installments," is not in conflict with the recent holding in Justice v. State, 674 So.2d 123 (Fla.1996), that the trial court, on remand, cannot have a second opportunity to impose conditions of probation not orally pronounced in open court and thus stricken on appeal.