PER CURIAM.
Pursuant to an adverse jury verdict the trial court adjudicated Antonio Green guilty of first degree murder with a firearm, armed robbery, and armed burglary. We affirm Green’s convictions on all counts, but reverse the sentences imposed as to the armed robbery and armed burglary.
The crimes at issue occurred on November 22, 1992. The sentencing guidelines in effect at the time of the offenses control. See Henderson v. State, 572 So.2d 972, 974 (Fla. 3d DCA 1990). We reverse Green’s sentences as to the armed robbery and armed burglary as no sentencing guidelines scoresheet appears in the record and the transcript of the sentencing hearing does not reflect that the trial judge considered one in imposing the sentences in this case. See Taylor v. State, 563 So.2d 822, 823 (Fla. 2d DCA 1990).[1] Also, because the record and transcript do not reflect that the trial court was aware it was imposing departure sentences as to these convictions, on remand the court may consider whether departure sentences are appropriate and, if so, it should set forth valid written reasons for the departures. See Nelson v. State, 650 So.2d 1085, 1086 (Fla. 1st DCA 1995); McGowan v. State, 648 So.2d 1225, 1226 (Fla. 4th DCA 1995).
In sum, we find the points raised by Green with respect to his judgment of conviction to be without merit and affirm it on all counts. Further, we affirm the sentence imposed for the first degree murder with a firearm. Lastly, we reverse the sentences imposed for the armed robbery and armed burglary convictions and remand for resentencing with the instruction that a correctly prepared scoresheet be used.

. We note that the guidelines do not apply to the first degree murder conviction, a capital felony. se § 921.001(4)(a), Fla.Stat. (1991).