PER CURIAM.
Appellant, Kevin L. Thomas, appeals his convictions and sentences for first-degree murder and aggravated child abuse. We affirm appellant’s convictions without further discussion but reverse appellant’s sentence for the aggravated child abuse offense and remand for resentencing. On appeal, the State concedes that, because the offenses at issue were committed in January 1998, the trial court should have utilized a guidelines scoresheet pursuant to Florida Rule of Criminal Procedure 3.991 instead of a Florida Rule of Criminal Procedure 3.992 guidelines scoresheet in sentencing appellant for this offense. See Fla. R.Crim. P. 3.703(a) (prescribing that rule 3.703 applies to offenses committed on or after October 1, 1995, or as otherwise indicated, and that rule 3.703 is to be used in conjunction with the forms located in rule 3.991). The State also concedes that the sentencing guidelines do not apply to capital felonies and, as such, the trial court should not have included the first-degree murder offense in its calculation. See § 921.001(4)(b)2., Fla. Stat. (1997) (setting forth that the 1994 guidelines apply to sentencing for all felonies, except for capital felonies, committed on or after January 1,1994); see also Nixon v. State, 572 So.2d 1336, 1346 n. 5 (Fla.1990) (holding that a capital felony cannot be scored as an additional offense at conviction but may serve as a valid reason for a departure sentence); Seccia v. State, 786 So.2d 12, 15 (Fla. 1st DCA 2001) (holding that physical injury or death resulting from a capital felony should not "be scored as victim injury); Green v. State, 696 So.2d 488, 489 (Fla. 3d DCA 1997) (holding that the guidelines do not apply to capital first-degree murder convictions). On remand, the trial court may consider whether a departure sentence is appropriate for the aggravated child abuse offense and provide written reasons to support such a sentence. See Sailor v. State, 701 So.2d 673, 673 (Fla. 1st DCA 1997) (holding that the trial court, upon remand, could consider whether a departure sentence was appropriate because it did not appear that the trial court realized that its imposed sentence constituted a departure sentence); see also Moore v. State, 840 So.2d 274, 274 (Fla. 3d DCA 2003) (holding that, because it appeared that the trial court believed that the sentence imposed was within the guidelines and did not consider whether a departure sentence was warranted, the court was not precluded from considering whether a departure sentence was warranted on remand).
AFFIRMED in part; REVERSED in part and REMANDED for resentencing.
ERVIN, BENTON and LEWIS, JJ., concur.