*630
On Rehearing

COPE, C.J.
By motion for rehearing the defendant argues that the sentencing law applicable to him is the habitual offender statute in effect on the date of sentencing, not on the date of his crime. That is incorrect. The applicable criminal penalties are those in effect at the date of the defendant’s crime. See Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987); Green v. State, 696 So.2d 488 (Fla. 3d DCA 1997).
Where, as here, the statute is amended between the crime date and the sentencing date, it is the statute in effect on the date of the crime which is controlling.
The defendant relies on dictum in Bover v. State, 797 So.2d 1246 (Fla.2001). The court said: “This Court recently determined in Carter v. State, 786 So.2d 1173, 1180-81 (Fla.2001), that a habitual offender sentence may be correctable as an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), where the habitual offender statute in effect at the time of sentencing did not permit habitu-alization for life felonies.” 797 So.2d at 1247 (emphasis added). The statement is dictum because in neither Bover nor Carter was any issue presented regarding whether the relevant version of the habitual offender statute was the version in effect on the date of the defendant’s crime, or on the date of the defendant’s sentencing.*
Rehearing denied.

 In Carter the court used the terms interchangeably. See 786 So.2d at 1174-75, 1178 (referring to habitual offender statute in effect on the crime date), id. at 1180 (referring to version in effect at the time of sentencing).