916 So.2d 51 (2005)
STATE of Florida, Appellant,
v.
George B. GRAYSON, Appellee.
No. 2D05-2230.
District Court of Appeal of Florida, Second District.
December 9, 2005.
*52 Charles J. Crist, Jr., Attorney General, Tallahassee, and Tonja Rene Vickers, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellee.
KELLY, Judge.
The State appeals from the downward departure sentence imposed on George Grayson following the entry of his nolo contendere plea. We reverse and remand for resentencing because the trial court failed to make findings to support the departure sentence.
Grayson's Criminal Punishment Code worksheet recommended a sentence of 47.55 months in prison. The trial court persuaded Grayson to enter a plea with the offer that it would impose a four-year sentence, but it would only require Grayson to serve one year in county jail. The court offered to suspend the remainder of the sentence so that Grayson could obtain treatment in a residential mental health program. The State objected to the downward departure arguing that there was no evidence that Grayson suffered from a mental condition which required specialized treatment or that he was amenable to such treatment. Grayson accepted the trial court's offer and entered a plea over the State's continued objection.
When the Criminal Punishment Code worksheet recommends a minimum prison sentence and, instead, the trial court suspends the incarcerative portion of the sentence and places the defendant on probation, the sentence constitutes a downward departure. State v. Solomon, 667 So.2d 937 (Fla. 2d DCA 1996). The trial court may suspend the incarcerative portion of a recommended sentence only if a valid reason for a downward departure *53 exists. State v. Bray, 738 So.2d 962, 963 (Fla. 2d DCA 1999).
Section 921.0026(2), Florida Statutes (2002), provides numerous mitigating circumstances on which a trial court may base a downward departure sentence. One such circumstance is that "[t]he defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction or for a physical disability, and the defendant is amenable to treatment." § 921.0026(2)(d). This statutory ground for departure appears on the sentencing worksheet which the trial court can simply mark as its reason for departure if it is supported by competent evidence.
Here, the trial court suspended part of Grayson's sentence to allow him to seek treatment. However, the court made no findings either in writing or orally at the hearing to support the departure. See State v. Mann, 866 So.2d 179 (Fla. 5th DCA 2004) (stating that the trial court should articulate its reason for departure in writing; however, if the court fails to do so, the departure may be upheld if the trial court orally pronounces on the record a valid basis for the sentence). Nor did the trial court mark the appropriate box on the worksheet designating the ground on which it based its departure.
To support its departure from the recommended sentence, the trial court was required to find that, based on the evidence produced at the hearing, Grayson had a mental disorder that required specialized treatment and that there was a reasonable possibility that the treatment would be successful. See State v. Hillhouse, 708 So.2d 326 (Fla. 2d DCA 1998). Further, the court had to find that the mental disorder required treatment that could not be provided by the Department of Corrections. See State v. Porche, 826 So.2d 1062 (Fla. 2d DCA 2002). Here, the trial court made no such findings nor did it check the appropriate box on the sentencing worksheet designating the reason for the departure. Because reversal is required on this issue, we need not reach the question of whether there was competent, substantial evidence produced at the hearing to support the trial court's departure.
Accordingly, we reverse and remand for resentencing. Because the trial court induced the plea agreement, Grayson shall be permitted to withdraw his plea if he so desires. State v. Wheeler, 891 So.2d 614 (Fla. 2d DCA 2005).
Reversed and remanded.
ALTENBERND and SILBERMAN, JJ., Concur.