491 So.2d 1284 (1986)
David Brett LEOPARD, Appellant,
v.
STATE of Florida, Appellee.
Nos. BG-9, BG-10.
District Court of Appeal of Florida, First District.
July 31, 1986.
*1285 Michael E. Allen, Public Defender, Steven L. Bolotin, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Royall P. Terry, Asst. Atty. Gen., for appellee.
BARFIELD, Judge.
David Leopard appeals his sentences for first degree murder, robbery with a deadly weapon, escape and kidnapping, asserting that the trial court erred in departing from the recommended guidelines sentence. We affirm.
The murder and robbery victim, a Panama City doctor whose house doubled as a medical clinic, was found with 21 stab and puncture wounds in his blood-spattered residence amid evidence that his drug cabinet had been rifled. Appellant was arrested in Daytona Beach, asleep in the victim's stolen truck. Bloody palm prints and a bloody footprint found at the crime scene connected him to the crimes. He and two other inmates subsequently escaped from the Bay County Jail after overpowering a guard, but were recaptured. Appellant pled nolo contendere to all four charges.
The first degree murder conviction was not included in the determination of the guidelines recommended sentence of 12-17 years for the other three offenses. The trial judge sentenced appellant to life imprisonment with a mandatory minimum 25 years without parole for the first degree murder. He departed from the recommended sentence and imposed consecutive life sentences for the armed robbery and the kidnapping, and a consecutive 15 year sentence for the escape.
The trial judge gave eight written reasons for departure, including the fact that a capital felony (first degree murder) was committed prior to the commission of the crimes for which appellant was being sentenced, and that the first degree murder and armed robbery were committed "in a most brutal fashion by beating and stabbing the victim to death in his own home."
Following the trial judge's recitation of the reasons for departure, the prosecutor queried, "Your honor, do you also find anyone (sic) of those reasons is sufficient to justify departure from the guidelines?" The trial judge replied, "Yes. The reasons enumerated above in toto and in fine are sufficient to justify the Court in going outside of the guidelines."
Appellant asserts that, because the trial judge's reasons for departure were "word-for-word identical" to reasons given by the prosecutor in a letter to the judge two days before the sentencing hearing, the trial judge did not properly discharge his responsibility for articulating clear and convincing reasons for departure, citing Carnegie v. State, 473 So.2d 782 (Fla. 2d DCA 1985) and Boynton v. State, 473 So.2d 703 (Fla. 4th DCA 1985).
The fact that the court employed language very similar to that used in the assistant state attorney's letter does not, in and of itself, demonstrate that the court delegated any of its required functions to the prosecutor. However, we emphasize the responsibility of the trial judge to provide clear and concise written reasons for departure after careful consideration of the appropriate aggravating and mitigating factors. This duty is not met by a mere "rubber stamp" by the trial judge of reasons articulated by one of the parties, without careful consideration of each reason.
Appellant asserts that six of the court's eight reasons for departure were not "clear and convincing," but does not contend that the court's first two reasons (stated above) *1286 were improper. Because a capital felony may not be scored under the guidelines as an additional offense at conviction, the trial court properly considered the unscored first degree murder in determining whether to depart from the recommended guidelines sentence. Weems v. State, 469 So.2d 128 (Fla. 1985).
Likewise, the court may properly consider the circumstances surrounding the offense, including the use of excessive force. Jefferson v. State, 489 So.2d 860 (Fla. 1st DCA 1986); Stewart v. State, 489 So.2d 176 (Fla. 1st DCA 1986); Davis v. State, 489 So.2d 754 (Fla. 1st DCA 1986).
The reasonable doubt standard of appellate review for departure sentences mandated by Albritton v. State, 476 So.2d 158 (Fla. 1985), is met in this case because the trial judge's statement during sentencing unequivocally demonstrates that he would depart from the guidelines for any one or combination of his stated reasons.
The improper scoring of 24 points for victim injury (it was not a necessary element of a scored "primary" or "additional" offense) was harmless error because the subtraction of those points from the 337 points assessed would not have changed the recommended range of 12-17 years. Although it is not entirely clear from the record of the sentencing hearing that appellant disputed the truth of the statements contained in the presentence investigation report, we reject his contention that these statements were insufficient to support the use of three prior third degree felonies in calculating his recommended sentences. See, Davis v. State, 463 So.2d 398 (Fla. 1st DCA 1985), which indicates that verification of prior convictions by the defendant's probation officer is sufficient to support use of those convictions in determining the recommended guidelines sentence. See also, Adams v. State, 376 So.2d 47 (Fla. 1st DCA 1979), in which the United States Supreme Court's decision in Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949), is discussed.
The sentences imposed by the trial court are AFFIRMED.
SHIVERS and ZEHMER, JJ., concur.