501 So.2d 139 (1987)
James R. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 86-431.
District Court of Appeal of Florida, Second District.
January 23, 1987.
James Marion Moorman, Public Defender, and Joel E. Grigsby, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
SANDERLIN, Judge.
Appellant challenges his convictions and sentences for first degree murder and attempted first degree murder.
After reviewing the record and applicable case law, we find that the trial court did not err in denying appellant's requested special jury instruction on the definition of "sudden passion." See, e.g., Perkins v. State, 463 So.2d 481 (Fla. 2d DCA 1985). We further find that there are sufficient facts in the record to support the trial court's denial of appellant's motion for directed verdict. See, e.g., Prather v. State, 182 So.2d 273 (Fla. 2d DCA 1966). Accordingly, we affirm appellant's convictions.
We do, however, find error in appellant's sentence for attempted first degree murder. The trial court incorrectly included 136 points on the guidelines scoresheet for appellant's first degree murder conviction, a capital felony, as an additional offense at conviction. See Leopard v. State, 491 So.2d 1284 (Fla. 1st DCA 1986); Coleman v. State, 483 So.2d 539 (Fla. 2d DCA 1986). For the same reason, the trial court incorrectly included 21 points for victim injury involved in the first degree murder conviction. Because victim injury is not an element of attempted first degree murder, see §§ 782.04(1) and 777.04. Fla. Stat. (1985), the trial court additionally erred in including 21 points for victim injury in that offense. Fla.R.Crim.P. 3.701(d)7; Toney v. State, 456 So.2d 559 (Fla. 2d DCA 1984). Although we find that none of the *140 above items may be scored in reaching appellant's presumptive sentence, we note that at least one of the items has been held to be a valid reason for departure. See, e.g., Leopard, 491 So.2d at 1286 (unscored first degree murder properly considered in determining whether to depart from guidelines).
Accordingly, we affirm appellant's convictions for both crimes and his sentence for first degree murder, but reverse his sentence for attempted first degree murder and remand for resentencing within the guidelines unless the trial court finds that departure is appropriate.
GRIMES, A.C.J., and FRANK, J., concur.