PER CURIAM.
The Florida Sentencing Guidelines Commission (the “Commission”) petitions this Court to adopt proposed Florida Rules of Criminal Procedure 3.703 and 3.991 to implement statutory revisions made during the 1995 legislative session. We have jurisdiction. Art. V, § 2(a), Fla. Const.
The legislature in chapter 95-184, Laws of Florida, changed the 1994 sentencing guidelines to resolve problems that had arisen in application of those guidelines and to enhance the punishment for certain crimes. The Department of Corrections, in response to legislative directive, drafted and submitted to the Commission a proposed rule of procedure and revised scoresheet reflecting the statutory changes. The proposed rule and scoresheet were approved by the Commission and published in The Florida Bar News, August 1, 1995; comments were invited. Two comments were received and several technical changes were made in the proposed rule as a result.
The proposed rule and scoresheet accomplish the following: They set forth the circumstances under which one or more score-sheets are to be used; they clarify which version of the guidelines is to be used for a particular crime; they reflect enhanced punishment by reclassifying certain felonies and adding points for others; and they create a multiplier for grand theft of the third degree involving a motor vehicle.
We hereby adopt new rules 3.703 and 3.991 as appended to this opinion. These rules are effective October 1, 1995.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
APPENDIX
RULE 3.703 SENTENCING GUIDELINES (1994 as amended in 1995)
(a) Use. This rule is to be used in conjunction with the forms located at rule 3.991. This rule implements the 1994 sentencing guidelines, as amended in 1995, in strict accordance with chapter 921, Florida Statutes, as revised by chapter 95-184, Laws of Florida. This rule applies to offenses committed on or after October 1, 1995.
(b) Purpose and Construction. The purpose of the 1994 sentencing guidelines and the principles they embody are set out in subsection 921.001(4). Existing caselaw construing the application of sentencing guidelines that is in conflict with the provisions of this rule or the statement of purpose or the principles embodied by the 1994 sentencing *1375 guidelines set out in subsection 921.001(4) is superseded by the operation of this rule.
(c) Offense Severity Ranking. Felony offenses subject to the 1994 sentencing guidelines, as amended, are listed in a single offense severity ranking chart located at section 921.0012. The offense severity ranking chart employs 10 offense levels, ranked from least severe to most severe. Each felony offense is assigned to a level according to the severity of the offense, commensurate with the harm or potential for harm to the community that is caused by the offense. Felony offenses not listed in section 921.0012 are to be assigned a severity level in accordance with 921.0013, as follows:
(1) A felony of the third degree within offense level 1.
(2) A felony of the second degree within offense level 4.
(3) A felony of the first degree within offense level 7.
(4) A felony of the first degree punishable by life within offense level 9.
(5) A life felony within offense level 10.
(d) General Rules and Definitions.
(1) One or more sentencing guidelines scoresheets shall be prepared for each offender covering all offenses pending before the court for sentencing, including offenses for which the offender has been adjudicated an habitual felony offender, an habitual violent felony offender or violent career criminal. The office of the state attorney or the Department of Corrections, or both where appropriate, will prepare the scoresheets and present them to defense counsel for review as to accuracy. The Department of Corrections shall prepare sentencing guidelines scoresheets if the offender is alleged to have violated probation or community control and revocation is recommended.
(2) One scoresheet shall be prepared for all offenses committed under any single version or revision of the guidelines, pending before the court for sentencing.
(3) If an offender is before the court for sentencing for more than one felony and the felonies were committed under more than one version or revision of the guidelines, separate scoresheets must be prepared and used at sentencing. The sentencing court may impose such sentence concurrently or consecutively.
(4) The sentencing judge shall review the scoresheet for accuracy and sign it.
(5) Felonies, except capital felonies, with continuing dates of enterprise are to be sentenced under the guidelines in effect on the beginning date of the criminal activity.
(6) “Conviction” means a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of sentence was suspended.
(7) “Primary offense” is the offense pending for sentencing that results in the highest number of total sentence points. Only one offense may be scored as the primary offense.
(8) “Additional offense” is any offense, other than the primary offense, pending before the court for sentencing. Sentence points for additional offenses are determined by the severity level and the number of offenses at a particular severity level. Misdemeanors are scored at level “M” regardless of degree.
(9) “Victim injury” is scored for physical injury or death suffered by a person as a direct result of any offense pending before the court for sentencing. Sexual penetration points are scored if an offense pending before the court for sentencing involves sexual penetration. Sexual contact points are scored if an offense pending before the court for sentencing involves sexual contact, but no penetration. If the victim of an offense involving sexual penetration or sexual contact without penetration suffers any physical injury as a direct result of an offense pending before the court for sentencing, that physical injury is to be scored in addition to any points scored for the sexual contact or sexual penetration.
Victim injury shall be scored for each victim physically injured and for each offense resulting in physical injury whether there are one or more victims. However, victim injury shall not be scored for an offense for which the offender has not been convicted.
*1376 Victim injury resultant from one or more capital felonies before the court for sentencing is not to be included upon any scoresheet prepared for non-capital felonies also pending before the court for sentencing. This in no way prohibits the scoring of victim injury as a result from the non-capital felonies before the court for sentencing.
(10) Unless specifically provided otherwise by statute, attempts, conspiracies, and solicitations are indicated in the space provided on the guidelines scoresheet and are scored at one severity level below the completed offense.
Attempts, solicitations, and conspiracies of third-degree felonies located in offense severity levels 1 and 2 are to be scored as misdemeanors. Attempts, solicitations, and conspiracies of third-degree felonies located in offense severity levels 3, 4, 5, 6, 7, 8, 9, and 10 are to be scored as felonies one offense level beneath the incomplete or inchoate offense.
(11) An increase in offense severity level may result from a reclassification of felony degrees pursuant to 775.0845, 775.087, 775.0875, or 794.023. Any such increase should be indicated in the space provided on the sentencing guidelines scoresheet.
(12) Thirty prior serious felony points are assessed if the offender has a primary offense ranked in level 8, 9, or 10 and one or more prior serious felonies. A “prior serious felony” is an offense for which the offender has been found guilty and which was committed within 3 years before the date the primary offense and any additional offenses were committed and is ranked in level 8, 9, or 10. Out of state convictions wherein the analogous or parallel Florida offenses are located in offense severity level 8, 9, or 10 are to be considered prior serious felonies.
(13) If the offender has been found guilty of one or more prior capital felonies, points shall be added to the subtotal sentence points of the offender equal to twice the number of points the offender receives for the primary offense and any additional offense. Out-of-state convictions wherein the analogous or parallel Florida offenses are capital offenses are to be considered capital offenses for purposes of operation of this section.
(14) “Total offense score” is the sum of the sentence points for primary offense, any additional offenses and victim injury.
(15) “Prior record” refers to any conviction for an offense committed by the offender prior to the commission of the primary offense, excluding any additional offenses pending before the court for sentencing. Prior record shall include convictions for offenses committed by the offender as an adult or as a juvenile, convictions by federal, out of state, military, or foreign courts and convictions for violations of county or municipal ordinances that incorporate by reference a penalty under state law. Federal, out of state, military, or foreign convictions are scored at the severity level at which the analogous or parallel Florida crime is located.
(A) Convictions for offenses committed more than 10 years prior to the date of the commission of the primary offense are not scored as prior record if the offender has not been convicted of any other crime for a period of 10 consecutive years from the most recent date of release from confinement, supervision, or other sanction, whichever is later, to the date of the commission of the primary offense.
(B) Juvenile dispositions of offenses committed by the offender within 3 years prior to the date of the commission of the primary offense are scored as prior record if the offense would have been a crime if committed by an adult. Juvenile dispositions of sexual offenses committed by the offender more than 3 years prior to the date of the primary offense are to be scored as prior record if the offender has not maintained a conviction-free record, either as an adult or as a juvenile, for a period of 3 consecutive years from the most recent date of release from confinement, supervision, or sanction, whichever is later, to the date of commission of the primary offense.
(C) Entries in criminal histories that show no disposition, disposition unknown, arrest only, or a disposition other than conviction are not scored. Criminal history records expunged or sealed under section 943.058 or other provisions of law, including former sections 893.14 and 901.33, are scored as prior *1377 record where the offender whose record has been expunged or sealed is before the court for sentencing.
(D) Any uncertainty in the scoring of the offender’s prior record shall be resolved in favor of the offender ánd disagreement as to the propriety of scoring specific entries in the prior record shall be resolved by the sentencing judge.
(E) When unable to determine whether the conviction to be scored as prior record is a felony or a misdemeanor, the conviction should be scored as a misdemeanor. When the degree of felony is ambiguous or the severity level cannot be determined, the conviction should be scored at severity level 1.
(16) “Legal status points” are assessed when an offender:
(a) Escapes from incarceration;
(b) Flees to avoid prosecution;
(c) Fails to appear for a criminal proceeding;
(d) Violates any condition of a supersedeas bond;
(e) Is incarcerated;
(f) Is under any form of a pretrial intervention or diversion program; or
(g) Is under any form of court-imposed or post-prison release community supervision and commits an offense that results in conviction. Legal status violations receive a score of 4 sentence points and are scored when the offense committed while under legal status is before the court for sentencing. Points for a legal status violation are to be assessed only once regardless of the existence of more than one form of legal status at the time an offense is committed or the number of offenses committed while under any form of legal status.
(17) Community sanction violation points occur when the offender is found to have violated a condition of:
(a) Probation;
(b) Community Control; or
(c) Pretrial Intervention or diversion.
Community sanction violation points are assessed when a community sanction violation is before the court for sentencing. Six community sanction violation points shall be assessed for each violation or if the violation results from a new felony conviction, 12 community sanction violation points shall be assessed. Where there are multiple violations, points may be assessed only for each successive violation that follows the reinstatement or modification of the community sanction and are not to be assessed for violation of several conditions of a single community sanction. Multiple cases or counts of community sanction violations before the sentencing court shall not be the basis for multiplying the assessment of community sanction violation points.
(18) “Total prior record score” is the sum of all sentence points for prior record.
(19) Possession of a firearm, semiautomatic firearm, or a machine gun during the commission or attempt to commit a crime will result in additional sentence points. Eighteen sentence points are assessed if the offender is convicted of committing or attempting to commit any felony other than those enumerated in subsection 775.087(2) while having in his or her possession a firearm as defined in subsection 790.001(6). Twenty-five sentence points are assessed if the offender is convicted of committing or attempting to commit any felony other than those enumerated in subsection 775.087(3) while having in his or her possession a semiautomatic firearm as defined in subsection 775.087(3) or a machine gun as defined in subsection 790.001(9). Only one assessment of either 18 or 25 points shall apply.
(20) “Subtotal sentence points” are the sum of the total offense score, the total prior record score, any legal status points, community sanction points, prior serious felony points, prior capital felony points or points for possession of a firearm or semiautomatic weapon.
(21) If the primary offense is drug trafficking under section 893.135 ranked in offense severity level 7 or 8, the subtotal sentence points may be multiplied, at the discretion of the sentencing court, by a factor of 1.5.
(22) If the primary offense is a violation of the Law Enforcement Protection Act under subsections 775.0823(2), the subtotal sentence points are multiplied by a factor of 2.5. If the primary offense is a violation of subsec *1378 tion 775.0823(3), (4), (5), (6), (7), or (8) the subtotal sentence points are multiplied by a factor of 2.0. If the primary offense is a violation of the Law Enforcement Protection Act under subsection 775.0823(9) or (10) or section 784.07(3) or section 775.0875(1), the subtotal sentence points are multiplied by a factor of 1.5.
(23) If the primary offense is grand theft of the third degree of a motor vehicle and the offender’s prior record includes three or more grand thefts of the third degree of a motor vehicle, the subtotal sentence points are multiplied by 1.5.
(24) “Total sentence points” are the subtotal sentence points or the enhanced subtotal sentence points.
(25) “Presumptive sentence” is determined by the total sentence points. If the total sentence points are less than or equal to 40, the recommended sentence, absent a departure, shall not be state prison. The court may impose any nonstate prison sanction authorized by law, including community control. However, the sentencing court may increase sentence points less than or equal to 40 by up to and including 15% to arrive at total sentence points in excess of 40. If the total sentence points are greater than 40 but less than or equal to 52, the decision to sentence the defendant to state prison or a nonstate prison sanction is left to the discretion of the sentencing court. If the total sentence points are greater than 52, the sentence, absent a departure, must be to state prison.
A state prison sentence is calculated by deducting 28 points from the total sentence points where total sentence points exceed 40. The resulting number represents state prison months. State prison months may be increased or decreased by up to and including 25% at the discretion of the sentencing court. State prison months may not be increased where the sentencing court has exercised discretion to increase total sentence points under 40 points to achieve a state prison sentence. The sentence imposed must be entered on the scoresheet.
If the total sentence points are equal to or greater than 363, the court may sentence the offender to life imprisonment.
(26) If the recommended sentence under the sentencing guidelines exceeds the maximum sentence authorized for the pending felony offenses, the guidelines sentence must be imposed, absent a departure. Such downward departure must be equal to or less than the maximum sentence authorized by section 775.082.
(27) For those offenses having a mandatory penalty, a scoresheet should be completed and the guidelines presumptive sentence calculated. If the presumptive sentence is less than the mandatory penalty, the mandatory sentence takes precedence. If the presumptive sentence exceeds the mandatory sentence, the presumptive sentence should be imposed.
(28) Departure from the recommended guidelines sentence provided by the total sentence points should be avoided unless there are circumstances or factors that reasonably justify aggravating or mitigating the sentence. A state prison sentence that deviates from the recommended prison sentence by more than 25%, a state prison sentence where the total sentence points are equal to or less than 40, or a sentence other than state prison where the total sentence points are greater than 52 must be accompanied by a written statement delineating the reasons for departure. Circumstances or factors that can be considered include, but are not limited to, those listed in subsections 921.0016(3) and (4). Reasons for departing from the recommended guidelines sentence shall not include circumstances or factors relating to prior arrests without conviction or charged offenses for which convictions have not been obtained.
(A) If a sentencing judge imposes a sentence that departs from the recommended guidelines sentence, the reasons for departure shall be orally articulated at the time sentence is imposed. Any departure sentence must be accompanied by a written statement, signed by the sentencing judge, delineating the reasons for departure. The written statement shall be filed in the court file within 7 days after the date of sentencing. A written transcription of orally stated reasons for departure articulated at the time *1379 sentence was imposed is sufficient if it is signed by the sentencing judge and filed in the court file within 7 days after the date of sentencing. The sentencing judge may also list the written reasons for departure in the space provided on the guidelines scoresheet and shall sign the scoresheet.
(B) The written statement delineating the reasons for departure shall be made a part of the record. The written statement, if it is a separate document, must accompany the guidelines scoresheet required to be provided to the Department of Corrections pursuant to subsection 921.0014(5).
(29) The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall be within the guidelines sentence unless a departure is ordered.
If a split sentence is imposed, the incarcer-ative portion of the sentence must not deviate more than 25 percent from the recommended guidelines prison sentence. The total sanction (incarceration and community control or probation) shall not exceed the term provided by general law or the guidelines recommended sentence where the provisions of subsection 921.001(5) apply.
(30) Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. Cumulative incarceration imposed after revocation of probation or community control is subject to limitations imposed by the guidelines. A violation of probation or community control may not be the basis for a departure sentence.
*1380 [[Image here]]
*1381 [[Image here]]
*1382 [[Image here]]
*1383 [[Image here]]