730 So.2d 795 (1999)
Walter SMITHWICK, III, M.D., Appellant,
v.
TELEVISION 12 OF JACKSONVILLE, INC., d/b/a WTLV Channel 12, Appellee.
No. 98-2147.
District Court of Appeal of Florida, First District.
March 30, 1999.
John R. Saalfield and Harvey L. Jay, III, of Saalfield, Coulson, Shad & Jay, P.A., Jacksonville, for Appellant.
*796 D. Gray Thomas and Wm. J. Sheppard of Sheppard and White, P.A., Jacksonville, for Appellee.
WEBSTER, J.
Appellant (Smithwick) seeks review of two orders entered in this medical malpractice action. The first directed Smithwick to return previously filed discovery documents which the trial court had earlier permitted Smithwick to remove from the court file pursuant to an agreement reached between Smithwick and the plaintiffs following settlement of the action. The second denied Smithwick's subsequent motion either to seal the documents or to excise portions of them. Smithwick argues that the documents ceased to be "judicial records" once the trial court permitted him to remove them from the court file and that, therefore, Florida Rule of Judicial Administration 2.051, which addresses public access to judicial records, was inapplicable. In the alternative, he argues that, even if they remained judicial records for purposes of rule 2.051, the trial court abused its discretion when it denied his motion either to seal the documents or to excise portions of them. We affirm.

I.

Procedural History
Irene and Leroy Barber filed a medical malpractice action against Smithwick (who is a vascular surgeon), and others. As amended, the complaint alleged that, while Mrs. Barber was "under Dr. Smithwick's care, Dr. Smithwick was suffering from chronic alcoholism and was impaired in his ability to provide appropriate care to Mrs. Barber"; and that, as a proximate result of Smithwick's "alcoholism and impaired condition," Mrs. Barber suffered the amputation of her left leg and other injuries and damages. Smithwick denied all of the material allegations of the amended complaint.
During the course of the litigation, the parties engaged in considerable discovery. Many of the discovery documents, including several depositions and accompanying exhibits, were filed by plaintiffs' attorney, without objection from any of the defendants. Ultimately, court-ordered mediation resulted in settlement of the action. The day following mediation, and while the action remained pending, the parties entered into a stipulation permitting Smithwick's attorney to remove all discovery documents from the court file. A proposed order to that effect was presented to the trial judge, who signed it. Smithwick's attorney also obtained permission to take the court file to his office, where he promptly removed all discovery documents from the file.
Days after the order permitting Smithwick's attorney to remove all discovery materials from the file had been entered, and while the action remained pending, appellee (TV-12) filed a motion to intervene and a motion for access to judicial records. In the former motion, TV-12 claimed that it had tried to examine the court file, only to find that it had been removed from the courthouse, and that requests for review of the file made to Smithwick's attorney had been refused. According to TV-12, this constituted a denial of public access to judicial records. In the latter motion, TV-12 argued that, notwithstanding its removal from the courthouse, the file remained a public record pursuant to Florida Rule of Judicial Administration 2.051, and it demanded immediate access to the file. Following a hearing at which the trial court granted the motion to intervene, counsel for TV-12 was permitted to examine the file, and learned that all of the discovery documents had been removed. TV-12 immediately filed an amended motion requesting access to the removed documents, and an emergency motion for a temporary injunction, to prevent the destruction of the documents before its motion could be heard. Only after TV-12 had been permitted to intervene for the purpose of seeking access to the discovery documents did the plaintiffs file a notice of voluntary dismissal.
A hearing was subsequently held on the amended motion filed by TV-12, following which the trial court ordered Smithwick's attorney to return the discovery documents previously removed from the file. Smithwick then filed a motion for rehearing, and a motion asking the trial court either to seal the discovery documents or to excise portions *797 of them, pursuant to Florida Rule of Judicial Administration 2.051. In the latter motion, he asserted that the relief requested was appropriate because the documents "contain[ed] confidential and sensitive information of a personal nature that w[ould] tend to embarrass" him and his family, and other information that was "unreliable" and "irrelevant hearsay."
The trial court granted Smithwick's motion for rehearing, following which it heard further argument from counsel, and reviewed the discovery documents in camera. In its subsequent order denying Smithwick's motion either to seal the documents or to excise portions of them, the trial court noted that Smithwick argued that the documents were "entitled to protection from public scrutiny" because the information in them would injure "innocent third parties"; would violate "Smithwick's privacy rights"; would violate "the statutorily protected medical peer review process"; and was "so scandalous and impertinent as to be inadmissible in evidence." The trial court "opined" that, because Smithwick had failed to object when the documents were filed, he had probably waived any right he might otherwise have had to complain. It then "conclude[d]" that, on the merits, Smithwick was not entitled to prevail because neither the potential embarrassment nor the potential injury to innocent third parties was so great as to warrant denial of public access to the documents; mere possible inadmissibility of some evidence did not preclude public access to it; and the peer review confidentiality privilege was not implicated, because all of the challenged information had come from sources external to the peer review process. This appeal follows.
On appeal, Smithwick makes two alternative arguments: (1)that the trial court erred when it ordered the discovery documents returned to the court file because, once the documents had been removed from the file, they were no longer "judicial records" for purposes of Florida Rule of Judicial Administration 2.051 and, therefore, TV-12 (and the public generally) no longer had any right of access to them; and (2) that, if the trial court did correctly order the documents returned to the file, it abused its discretion when it subsequently denied his motion either to seal the documents or to excise portions of them. In support of his first argument, the only legal basis suggested by Smithwick for the initial order permitting him to remove the discovery documents from the court file is Florida Rule of Judicial Administration 2.075(h), which he contends authorized the trial court to release the documents to his attorney. However, he did not make that argument in the trial court. In fact, the argument first appears in his reply brief. Therefore, we will not consider it. See, e.g., Tillman v. State, 471 So.2d 32, 35 (Fla.1985) (to be preserved for review, the specific legal argument raised on appeal must have been presented to the trial court); General Mortgage Assoc. v. Campolo Realty & Mortgage Corp., 678 So.2d 431 (Fla. 3d DCA 1996) (an appellate court will not consider an argument first presented in a reply brief). Even if we were to reach the merits, this argument would be unavailing.

II.

The Order Directing Return of the Documents
Florida Rule of Judicial Administration 2.075 is titled "Retention of Court Records." It deals with the time when, and the conditions under which, "court records" (including files) may be destroyed or otherwise disposed of. The subdivision upon which Smithwick seeks to rely reads:
(h) Release of Court Records. This rule does not limit the power of the court to release exhibits or other parts of court records that are the property of the person or party placing the items in the court records initially. The court may require copies to be substituted as a condition to releasing the court records under this subdivision.
According to Smithwick, this provision is broad enough to authorize trial courts to permit the removal of documents from a court file. Once that is done (as was the case here), the documents cease to be "judicial records" as that term is defined in rule 2.051(b) and, as a result, the documents are no longer subject to the public access provisions *798 of rule 2.051. We find this argument unpersuasive.
To the extent possible, we are obliged to construe rule 2.075(h) in a manner that will prevent its conflict with the constitution. See State v. Gale Distributors, Inc., 349 So.2d 150, 153 (Fla.1977) (to the extent possible, courts have a duty to construe a statute in such a way as to avoid conflict with the constitution). The construction of rule 2.075(h) urged by Smithwick would almost certainly cause the rule to conflict with article I, section 24, of the Florida Constitution, which is titled "Access to public records and meetings" and mandates, subject to certain specified exceptions, that "[e]very person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state," including the judicial branch. To avoid such a result, we believe that it is necessary to read rule 2.075(h) in conjunction with rule 2.051. See, e.g., Dibble v. Dibble, 377 So.2d 1001, 1003 (Fla. 3d DCA 1979) ("rules promulgated by the supreme court which deal with the same subject matter should be construed together and in the light of each other").
Rule 2.051 was adopted in response to the adoption in 1992 of article I, section 24, of the Florida Constitution. In re Amendments to Florida Rules of Judicial Administration Public Access to Judicial Records, 608 So.2d 472 (Fla.1992); In re Amendments to Rule of Judicial Administration 2.051Public Access to Judicial Records, 651 So.2d 1185 (Fla.1995). The clearly expressed intent of rule 2.051 is that it "shall govern public access to the records of the judicial branch of government and its agencies," and that, except to the extent specified there, "[t]he public shall have access to all records of the judicial branch of government and its agencies." Fla. R. Jud. Admin. 2.051(a). Reading rule 2.075(h) in conjunction with rule 2.051, we conclude that a trial court may permit the release of "court records" (which are "judicial records" for purposes of rule 2.051) without requiring that copies be substituted only if rule 2.051 is complied with. Here, upon review of the motion filed by TV-12, the trial court correctly realized that its initial order permitting removal from the court file of the discovery documents had been entered in error because the requirements of rule 2.051 had not been met. Accordingly, it properly required Smithwick's attorney to return the documents.

III.

The Order Denying the Motion to Seal or to Excise
Smithwick's second, alternative, argument is that the trial court abused its discretion when it denied his motion, filed pursuant to rule 2.051, seeking either to seal the discovery documents or to excise portions of them. "If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion." Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980). Having carefully reviewed the documents in question, and the trial court's findings, we are unable to say that the trial court abused its discretion by denying Smithwick's motion.
To the extent pertinent, rule 2.051(c) provides that a court file (or portions thereof) in a particular case shall be confidential if the court determines that confidentiality is required to "avoid substantial injury to innocent third parties" or to "comply with established public policy set forth" in Florida law. Fla. R. Jud. Admin. 2.051(c)(9)(A)(v) & (vii). Having reviewed the discovery documents in question, the trial court found that, "while revelation of certain of the matters is potentially embarrassing, that embarrassment is not so great, nor so clearly injurious to innocent third parties, as to warrant a denial of the public's access." It found, further, that, while certain of the matters might well have been discussed during medical peer review proceedings, all of the information contained in the documents appeared clearly to have come from sources unconnected with the peer review process.
On appeal, Smithwick does not attempt to explain how innocent third parties might be injured should the public have access to the documents or why any of the information is covered by the peer review privilege. Having carefully reviewed the documents, we *799 agree with the trial court that any injury that disclosure might cause to innocent third parties would be insignificant when weighed against the strong public policy in favor of open government evidenced by article I, section 24, of the Florida Constitution. We agree, further, that it is apparent from the documents that all of the information came from sources unconnected with the medical peer review process and that, therefore, none of it was subject to the privilege applicable to peer review proceedings. See Mount Sinai Medical Center of Greater Miami, Inc. v. Bernstein, 645 So.2d 530, 532 (Fla. 3d DCA 1994) (information obtained from sources unconnected with a peer review committee is discoverable notwithstanding the fact that the same information was presented to the committee).

IV.

Conclusion
Based upon the foregoing analysis, we affirm both the order directing Smithwick's attorney to return the discovery documents to the court file, and the order denying Smithwick's motion either to seal the documents or to excise certain portions of them.
AFFIRMED.
ALLEN and VAN NORTWICK, JJ., CONCUR.