786 So.2d 12 (2001)
Richard SECCIA, Appellant,
v.
STATE of Florida, Appellee.
No. 1D97-3046.
District Court of Appeal of Florida, First District.
April 5, 2001.
Nancy A. Daniels, Public Defender; Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Sherri T. Rollison, Assistant Attorney General, Tallahassee, for Appellee.

*13 OPINION ON REMAND

WEBSTER, J.
In Seccia v. State, 720 So.2d 580 (Fla. 1st DCA 1998), we held, among other things, that an argument regarding an alleged sentencing guidelines scoresheet error could not be considered on appeal because it had not been preserved, and it did not constitute fundamental error. The supreme court has remanded that scoresheet issue to us for further consideration in light of its decision in Maddox v. State, 760 So.2d 89 (Fla.2000). Seccia v. State, 764 So.2d 573 (Fla.2000).

I.
Appellant was convicted of sexual battery upon a child younger than age 12 and a lewd, lascivious or indecent act upon a child. Both offenses were committed sometime between August 1 and September 12, 1995. The sexual battery conviction is a capital felony. § 794.011(2)(a), Fla. Stat. (1995). It requires a sentence of life imprisonment. § 775.082(1), Fla.Stat. (1995). The sentencing guidelines in effect when appellant committed the offenses expressly state that they do not apply to capital felonies. § 921.001(4)(b)2, Fla.Stat. (Supp.1994). The lewd act conviction is a second-degree felony. § 800.04, Fla.Stat. (1995). The sentencing guidelines do apply to it. § 921.001(4)(b)2, Fla.Stat. (Supp. 1994). Appellant received a concurrent six-year sentence for the lewd act conviction. The sentencing guidelines scoresheet prepared for the lewd act conviction includes 40 victim injury points for sexual penetration attributable to the capital sexual battery of which appellant was convicted.
Appellant argues that it was error to score on the lewd act guidelines scoresheet 40 victim injury points for sexual penetration attributable to the capital sexual battery, rather than 18 points for sexual contact attributable to the lewd act conviction; and that the error resulted in a sentence for the latter offense significantly longer than would have been permitted pursuant to a correct scoresheet. The state responds, first, that no error occurred. It argues, further, that even if error did occur, it was not sufficiently serious to be treated as fundamental pursuant to Maddox because it affects only the sentence for the lewd act conviction, which was ordered to run concurrently with the life sentence for the capital sexual battery conviction. Finally, it contends that, even if there was error that is reviewable pursuant to Maddox, it is harmless because of what is known as the "concurrent sentence doctrine."

II.
Florida Rule of Criminal Procedure 3.703(d)(9) provides, in pertinent part:
(9) "Victim injury" is scored for physical injury or death suffered by a person as a direct result of any offense pending before the court for sentencing.... Sexual penetration points are scored if an offense pending before the court for sentencing involves sexual penetration. Sexual contact points are scored if an offense pending before the court for sentencing involves sexual contact, but no penetration ....
. . . .
Victim injury resultant from one or more capital felonies before the court for sentencing is not to be included upon any scoresheet prepared for non-capital felonies also pending before the court for sentencing. This in no way prohibits the scoring of victim injury as a result from the non-capital felonies before the court for sentencing.
(Emphasis added). However, the above is part of the rule titled "Sentencing Guidelines *14 (1994 as amended)," and applies only to offenses committed on or after October 1, 1995. Fla.R.Crim.P. 3.703(a). Because appellant's offenses were committed before October 1, 1995, the rule does not apply. The parties agree that Florida Rule of Criminal Procedure 3.702(d)(5), which is part of the rule titled "Sentencing Guidelines (1994)," applies in this case. That rule provides, in pertinent part:
(5) "Victim injury" is scored for physical injury or death suffered by a person as a direct result of any offense pending before the court for sentencing. If an offense pending before the court for sentencing involves sexual penetration, victim injury is to be scored. If an offense pending before the court for sentencing involves sexual contact, but no penetration, victim injury shall be scored.
. . .
Notably, this rule, unlike rule 3.703(d)(9), does not contain any provision which prohibits the scoring of victim injury resulting from a capital felony also pending before the court for sentencing. Thus, the question arises whether victim injury resulting from a capital felony pending before the court for sentencing can be scored on the scoresheet under rule 3.702(d)(5). To answer this question, it will be helpful to survey how scoring for "victim injury" has been handled under the various versions of Florida's sentencing guidelines.
When the Florida legislature first adopted the sentencing guidelines in 1984 (see ch. 84-328, Laws of Fla.), the applicable rule provided that "[v]ictim injury shall be scored if it is an element of any offenses at conviction." Fla.R.Crim.P. 3.701(d)(7). The Florida Bar: Amendment to Rules of Criminal Procedure (3.701, 3.988Sentencing Guidelines), 451 So.2d 824, 826 (Fla.1984). The committee note to this provision states:
(d)(7) This provision implements the intention of the commission that points for victim injury be added only when the defendant is convicted of an offense (scored as either primary or additional offense) which includes physical impact or contact. Victim injury is to be scored for each victim for [sic] whom the defendant is convicted of injuring and is limited to physical trauma.
Id. at 828. Under this definition of "victim injury," Florida courts held that victim injury arising from capital felonies could not be scored because capital felonies were explicitly exempted from the sentencing guidelines, and could not be scored as an offense at conviction. Torres-Arboledo v. State, 524 So.2d 403, 414 (Fla.1988); Smith v. State, 501 So.2d 139 (Fla. 2d DCA 1987). See also § 921.001(4)(a), Fla.Stat. (Supp. 1984).
In 1987, rule 3.701(d)(7) was amended to provide that "[v]ictim injury shall be scored for each victim physically injured during a criminal episode or transaction." Florida Rules of Criminal Procedure re Sentencing Guidelines (Rules 3.701 and 3.988), 509 So.2d 1088, 1089 (Fla.1987). The accompanying committee note explained:
(d)(7) This provision implements the intention of the commission that points for victim injury be added for each victim injured during a criminal transaction or episode. The injury need not be an element of the crime for which the defendant is convicted, but is limited to physical trauma. However, if the victim injury is the result of a crime for which the defendant has been acquitted, it shall not be scored.
Id. at 1089-90. The supreme court appears to have suggested that, under this definition of "victim injury," victim injury points for death arising from the capital felony of murder could be scored on a *15 sentencing guidelines scoresheet for the noncapital felony of kidnapping where the death took place during the course of the kidnapping. Bunney v. State, 603 So.2d 1270, 1271 (Fla.1992).
Effective January 1, 1994, the Florida legislature rewrote the sentencing guidelines, providing that "`[v]ictim injury' means the physical injury or death suffered by a person as a direct result of the primary offense, or any offense other than the primary offense, for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense." Ch. 93-406, § 9, at 2924-25, Laws of Fla.; § 921.0011(7), Fla. Stat. (Supp.1994). As a result, the supreme court adopted a new rule which provided that "`[v]ictim injury' is scored for physical injury or death suffered by a person as a direct result of any offense pending before the court for sentencing." Fla.R.Crim.P. 3.702(d)(5). Amendments to Florida Rules of Criminal Procedure re Sentencing Guidelines, 628 So.2d 1084, 1089 (Fla.1993). These new provisions did not indicate whether victim injury could be scored for physical injury or death arising from a capital felony pending before the court for sentencing given the fact that capital felonies continued to be excluded from the sentencing guidelines. See § 921.001(4)(b), Fla.Stat. (Supp.1994). Effective October 1, 1995, the guidelines were again amended by the legislature. Ch. 95-184, §§ 2-7, at 1678-99, Laws of Fla. The above portions of the statutory and rule definitions of "victim injury" in the 1994 guidelines were retained. § 921.0011(7), Fla.Stat. (1995). Amendments to Florida Rules of Criminal Procedure re Sentencing Guidelines, 660 So.2d 1374, 1375 (Fla.1995). However, the rule adopted for the amended 1994 guidelines added the provision prohibiting the scoring of victim injury resulting from a capital felony pending before the court for sentencing. Fla.R.Crim.P. 3.703(d)(9); 660 So.2d at 1376.
Based on the above, we conclude that physical injury or death resulting from a capital felony pending before the court for sentencing should not be scored as victim injury on the scoresheet under rule 3.702(d)(5) of the 1994 guidelines. Although there was no explicit provision prohibiting the scoring of victim injury resulting from a capital felony until the adoption of rule 3.703(d)(9) as a part of the amended 1994 guidelines, we believe that the addition of this provision represented not a change in the sentencing guidelines, but a clarification of the guidelines as they existed since 1994. We reach this conclusion for three reasons.
First, the statutory definition of "victim injury" remained the same under the original 1994 guidelines and the amended 1994 guidelines. If the rules substantively altered the definition of "victim injury," the supreme court would have violated the separation of powers by usurping the authority of the legislature. See Smith v. State, 537 So.2d 982, 986 (Fla.1989) (sentencing guidelines, insofar as they limit the length of sentences to be imposed, are substantive in nature, and the legislature may not, absent constitutional authority to the contrary, delegate its legislative powers to others; however, the legislature may enact a law, complete in itself, designed to accomplish a general public purpose, and may expressly authorize designated officials within definite valid limitations to provide rules and regulations for complete operation and enforcement of the law within its expressed general purpose). If, however, the rule merely clarified an ambiguity in the definition of "victim injury," there would be no separation of powers problem. To the extent possible, we are obliged to construe *16 rules in a manner that will prevent their conflict with the constitution. Smithwick v. Television 12 of Jacksonville, Inc., 730 So.2d 795, 798 (Fla. 1st DCA 1999). Moreover, the rule of lenity requires that any ambiguity in the guidelines be construed in favor of the defendant. Lewis v. State, 574 So.2d 245, 246 (Fla. 2d DCA), approved, 586 So.2d 338 (Fla.1991).
Second, if the phrase "any offense pending before the court for sentencing" were interpreted to include capital felonies, one would also have to score capital felonies as "additional offenses" on the scoresheet because the rule defines "additional offense" as "any offense, other than the primary offense, pending before the court for sentencing." Fla.R.Crim.P. 3.702(d)(4). This would contradict a long line of authority holding that a capital felony cannot be scored as an "additional offense" because capital felonies are explicitly excluded from the sentencing guidelines. E.g., Nixon v. State, 572 So.2d 1336, 1346 n. 5 (Fla.1990); Torres-Arboledo v. State, 524 So.2d 403, 414 (Fla.1988); Norris v. State, 503 So.2d 911, 912 (Fla. 5th DCA 1987); Worthington v. State, 501 So.2d 75 (Fla. 5th DCA 1987); Smith v. State, 501 So.2d 139 (Fla. 2d DCA 1987); Davis v. State, 493 So.2d 82, 83 (Fla. 1st DCA 1986); Leopard v. State, 491 So.2d 1284, 1286 (Fla. 1st DCA 1986). Although these cases construe the pre-1994 guidelines, those guidelines also provided that "[a]ll other offenses for which the offender is convicted and that are pending before the court for sentencing at the same time shall be scored as additional offenses based on their degree and the number of counts of each." Fla. R.Crim.P. 3.701(d)(4).
Finally, it should be noted that, effective October 1, 1996, the legislature "clarified" the statutory definition of "victim injury" to mean "the physical injury or death suffered by a person as a direct result of the primary offense, or any additional offense, for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense." Ch. 96-388, § 50, at 2340, Laws of Fla. (emphasis added). This language makes clear that only physical injury or death resulting from a "primary offense" or an "additional offense" (as those terms are defined) is to be scored as victim injury. Accordingly, it was error to score on the lewd act guidelines scoresheet 40 victim injury points for sexual penetration attributable to the capital sexual battery, rather than 18 points for sexual contact attributable to the lewd act conviction.

III.
We must next address the state's arguments that, even if error occurred, it does not require reversal. It is undisputed that the scoresheet error about which appellant now complains was not preserved by a contemporaneous objection, or by a motion to correct the sentence, as required by section 924.051, Florida Statutes (Supp. 1996), and Florida Rule of Criminal Procedure 3.800(b). Thus, we must determine whether the error is fundamental pursuant to the court's rationale in Maddox v. State, 760 So.2d 89 (Fla. 2000). In Maddox, the court said:
The first requirement for a sentencing error to be correctable on appeal continues to be that it is patent. In other words, the error must be apparent from the record .... If the appellate courts do not have a sufficient factual record to determine whether error occurred, the error cannot be corrected on direct appeal....
More important, however, is the second requirement: in order to be considered fundamental, an error must be serious. In determining the seriousness of an error, the inquiry must focus on the *17 nature of the error, its qualitative effect on the sentencing process and its quantitative effect on the sentence.... In most cases, a fundamental sentencing error will be one that affects the determination of the length of the sentence such that the interests of justice will not be served if the error remains uncorrected.
Id. at 99-100 (citations omitted). The state concedes that, assuming error occurred, it was a patent sentencing error affecting the length of appellant's lewd act sentence. However, it argues that the error is not so serious as to amount to fundamental error because the six-year lewd act sentence was subsumed by the concurrent life sentence for capital sexual battery. The state also makes a related argument that even if the error can be raised on appeal, it is harmless under the "concurrent sentence doctrine." See Jacobs v. State, 389 So.2d 1054 (Fla. 3d DCA 1980).
Had the scoresheet for the lewd act conviction been correctly computed, using only 18 victim injury points for sexual contact attributable to that conviction rather than 40 points for sexual penetration attributable to the capital sexual battery, it appears that the maximum sentence that could have been imposed pursuant to the guidelines for the lewd act conviction would be 48 months. Appellant received a 72-month sentence for that offense. We believe that such a sentencing error qualifies as fundamental pursuant to Maddox.
We have some sympathy for the state's concurrent-sentence position. Because of the life sentence he received for the capital sexual battery, a reversal for resentencing on the lewd act conviction will have no effect whatsoever on the length of time appellant will have to spend in prison unless the sexual battery conviction is subsequently vacated as the result of a collateral attack. However, it appears to us that the supreme court has already rejected such an argument. See Leonard v. State, 760 So.2d 114, 116 n. 4 (Fla.2000) (rejecting the state's argument "that Leonard ha[d] suffered no prejudice ... because [the challenged sentence was] to be served concurrently with other sentences that [we]re unchallenged"); State v. McKnight, 764 So.2d 574, 574 n. 1 (Fla. 2000) (citing Leonard as "rejecting State's argument that a fundamental sentencing error should remain uncorrected simply because the erroneous sentence is to be served concurrently with other sentences that are not being challenged"). Accordingly, we are constrained to conclude that the scoresheet error constituted fundamental error which must be corrected on appeal, even though it was not preserved.

IV.
Appellant's sentence for the lewd act conviction is reversed, and the case is remanded to the trial court for resentencing as to that conviction only. On remand, the trial court is directed to resentence appellant using a corrected scoresheet, which scores only 18 points for sexual contact, rather than 40 for sexual penetration. This opinion has no effect on the validity of either of appellant's convictions or his sentence for capital sexual battery.
REVERSED and REMANDED, with directions.
BARFIELD, C.J. and MINER, J., concur.