HAWKES, J.
Appellant Jeffrey Ray appeals his convictions for felony murder and aggravated child abuse, raising five arguments. We find each of his arguments unpersuasive, except for his claim that he was improperly sentenced on the charge of aggravated child abuse. We write only to address this point.
*347 Following trial, the trial court sentenced Appellant to life imprisonment for the charge of felony murder, a term to run concurrent to a fifteen year sentence for aggravated child abuse. Appellant challenged the sentence for aggravated child abuse in a motion filed pursuant to Florida Rule of Criminal Procedure 8.800(b)(2) (2009). In the motion, he emphasized that the Department of Corrections had added 120 points for “victim injury” to the sentencing scoresheet for the charge of aggravated child abuse. These points were added because of the victim’s “death.” Appellant argued that sentencing points for a capital offense should not be added to the scoresheet for a non-capital offense, and that he should be resentenced under a properly tabulated scoresheet.
The trial court effectively denied Appellant’s motion as it failed to rule on it within 60 days. See Fla. R. Crim. Procedure 8.800(b)(2)(B) (2009) (stating all motions to correct sentencing error pending appeal are governed by subdivision (b)(1)(B); see also Fla. R. Crim. Procedure 3.800(b)(1)(B) (2009) (stating “[i]f no order is filed within 60 days, the motion shall be considered denied”). Appellant filed a motion for rehearing, although the trial court did not rule on this motion either. The trial court’s effective denial of these motions was error.
Motions to correct sentencing errors involve “purely legal issues,” and are therefore reviewed de novo. See Willard v. State, 22 So.3d 864 (Fla. 4th DCA 2009); Flowers v. State, 899 So.2d 1257, 1259 (Fla. 4th DCA 2005). Appellant’s motion questioned whether “victim injury” points had been erroneously added to his scoresheet. Florida Rule of Criminal Procedure 3.703(d)(9) states “victim injury” points may be scored for
physical injury or death suffered by a person as a direct result of any offense pending before the court for sentencing. [ ] Victim injury shall be scored for each victim physically injured and for each offense resulting in physical injury whether there are one or more victims.
The Rule then makes the following statement, which is of critical importance to this issue:
Victim injury resultant from one or more capital felonies before the court for sentencing is not to be included upon any scoresheet prepared for non-capital felonies also pending before the court for sentencing.
(emphasis added); see also Seccia v. State, 786 So.2d 12, 14 (Fla. 1st DCA 2001).
Here, although the 120 points for the victim’s death related to the charge of felony murder — a capital felony — they were included on the scoresheet for the charge of aggravated child abuse — a non-capital felony. Under Rule 3.703(d)(9), this was error and those points should not have been added. Because the record does not conclusively show that the trial court would have rendered the same sentence had the error not occurred, Appellant must be resentenced on this charge.
Accordingly, we AFFIRM Appellant’s convictions, but VACATE the sentence for aggravated child abuse and REMAND for resentencing on this charge.
CLARK and SWANSON, JJ„ concur.