PER CURIAM.
Phillip J. Shea appeals the denial of a rule 3.800(a) motion to correct an illegal sentence. We reverse in part.
Shea was convicted as charged of first degree premeditated murder with a firearm, count I, and two counts of attempted first degree murder with a firearm, counts II and III. He received life in prison with a 25-year mandatory minimum on count I, and life sentences for counts II and III, with all counts running consecutively. The offenses were committed on July 22, 1991, and Shea was sentenced on counts II and III under the applicable sentencing guidelines.
*132 In his rule 3.800(a) motion, Shea challenged the reclassification of counts II and III, arguing that his life sentences on the attempted murder counts exceeded the permissible range under the guidelines, and that the court did not intend to impose an upward departure sentence.
Contrary to Shea’s arguments, we find that counts II and III could be reclassified for use of a firearm notwithstanding that the reclassification statute, section 775.087(1), Florida Statutes (1991), was not cited in the charging document. See Ibar-ra v. State, 45 So.3d 911, 913 (Fla. 4th DCA 2010); Altieri v. State, 835 So.2d 1181, 1185 (Fla. 4th DCA 2002); Lenoir v. State, 804 So.2d 507, 509 (Fla. 3d DCA 2001); Staton v. State, 636 So.2d 844, 845 (Fla. 5th DCA 1994). Here, the indictment clearly charged the use of a firearm.
However, we agree with Shea that he is entitled to resentencing on counts II and III based on a scoresheet error. There is no dispute that victim injury points should not have been included on the guidelines scoresheet for the capital offense in count I. See Seccia v. State, 786 So.2d 12, 14 (Fla. 1st DCA 2001). Removal of 21 victim injury points for count I leaves 283 points on the guidelines scoresheet, changing the permitted sentencing range to 17 to 40 years. The sentencing transcript reflects that the court did not intend to impose an upward departure sentence. The prosecutor assured the court that with a corrected scoresheet Shea still scored life. In fact, if the scoresheet is corrected, Shea does not score life on these counts. Thus, the error can be corrected in a rule 3.800(a) motion. See Brooks v. State, 969 So.2d 238, 242-43 (Fla.2007).
Accordingly, we reverse the denial of appellant’s rule 3.800(a) motion and remand for resentencing on counts II and III.
DAMOORGIAN, C.J., GROSS and CIKLIN, JJ., concur.