# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-4117
_____

BRENDA SUE WHIPPLE,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Jennie Kinsey, Judge.

June 12, 2024

OSTERHAUS, C.J.

Brenda Sue Whipple contends that a discrepancy between the court's oral pronouncement at her criminal sentencing and the written sentencing documents unlawfully increased her sentence. She appealed after her motion to correct sentencing error was denied. We agree with her and reverse because the trial court's oral pronouncement awarded jail credit that was omitted from the written sentencing documents.

## I.

After Appellant admitted a violation of probation, the trial court sentenced her on 99 counts of bad-check-related offenses. The court sentenced her to 5 years in prison for each count, with the first four counts to run consecutively and counts 4-99 to run

concurrently. In awarding jail credit, the court orally pronounced that "you'll get credit for 129 days on each of those counts." However, the court's written judgment and sentence subsequently awarded Appellant 129 days of jail credit only against the first count.

Appellant raised the discrepancy between the oral pronouncement and sentencing documents in a motion to correct sentencing errors. There, she argued that she was entitled to the jail credit on each of the counts and noted the court's oral pronouncement to control over the written judgment. But the trial court denied her motion. It concluded that it was improper to "pyramid" jail credit on consecutive sentences and found the oral pronouncement to be ambiguous.

II.

Because Appellant's motion to correct a sentencing error involves a pure issue of law, our standard of review is de novo. *See, e.g.*, *Ray v. State*, 68 So. 3d 346, 347 (Fla. 1st DCA 2011).

Announcing Appellant's sentence on 99 counts at her sentencing hearing, the trial court awarded jail credit of 129 days for "each of those counts." This was a proper sentence. It both clearly pronounced an award of jail credit and permissibly applied credit to "each of" the counts for which Appellant received consecutive sentences. *See, e.g.*, *Canete v. Fla. Dep't of Corr*., 967 So. 2d 412, 416 (Fla. 1st DCA 2007) (recognizing the discretion of trial courts to award jail credit against each term of consecutive prison sentences on multiple charges). But then, the written documents recorded a different sentence that removed Appellant's 129 days of jail credit from all counts but the first. This was problematic because "the oral pronouncement of a sentence controls over the written sentencing form." *Morris v. State*, 292 So. 3d 838, 839 (Fla. 1st DCA 2020); *Ashley v. State*, 850 So. 2d 1265, 1268 (Fla. 2003); *see also Bryant v. State*, 302 So. 3d 995, 1000 (Fla. 1st DCA 2020) (recognizing after oral pronouncement that "even though a defendant has no right to have jail credit for time served awarded on each sentence when consecutive sentences are imposed, the rescission of previously awarded jail credit constitutes an increased penalty and violates a defendant's rights under the Fifth Amendment of the United States Constitution.").

2

It was error for the trial court to deny Appellant's motion to correct sentencing errors.

Accordingly, we REVERSE and REMAND for the court to correct the sentencing documents to comport with the oral pronouncement of sentence.

RAY and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jessica J. Yeary, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and David Welch, Assistant Attorney General, Tallahassee, for Appellee.