501 So.2d 75 (1987)
William WORTHINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 86-610.
District Court of Appeal of Florida, Fifth District.
January 15, 1987.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Worthington appeals his convictions and sentences for first degree murder, armed burglary, burglary, second degree grand theft, forgery, uttering a forgery, and fraudulent use of a credit card.[1] He was sentenced to two consecutive life sentences for murder and armed burglary, with a mandatory twenty-five years imprisonment on the murder conviction.[2] Additionally, he received ten years for burglary, and four five-year terms for the other convictions, to be served concurrently with the sentence for murder.
We affirm the convictions, but quash all of the sentences except the one given for first degree murder, because the record does not contain a guideline scoresheet, nor any written reasons for a "departure" sentence.[3] The guidelines do not apply to capital felonies either as primary offenses or as additional offenses at conviction.[4] However, a scoresheet must be prepared and utilized covering all offenses subject to guidelines sentencing which are pending before the court for sentencing.[5]
It appears in this case that a scoresheet was prepared, but it was inadvertently lost or misplaced. The clerk of the circuit court filed an affidavit stating that, after a careful search of the court file in this matter, no guideline scoresheet or order stating reasons for departure were found. We are unable to conduct a meaningful review of the non-capital sentences, and we therefore vacate those sentences and remand to the lower court for resentencing.
AFFIRMED; SENTENCES VACATED IN PART AND REMANDED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] §§ 782.04, 810.02(2), 810.02(3), 812.014, 831.02 and 817.61, Fla. Stat. (1985), respectively.
[2] § 775.082(1), Fla. Stat. (1985).
[3] Fla.R.Crim.P. 3.701.d.11.
[4] Fla.R.Crim.P. 3.701.c., Committee Note, 1983 Adoption (c); Davis v. State, 493 So.2d 82 (Fla. 1st DCA 1986).
[5] Fla.R.Crim.P. 3.701.d.1.