DANIEL, Chief Judge.
Joseph Heidrick appeals from the judgments and sentences entered after a jury found him guilty of first degree murder[1] and burglary of a dwelling.[2] Heidrick contends, among other things, that the trial court erred in failing to apply sentencing guidelines standards in sentencing him on the burglary charge. We agree on that point and reverse.
On Independence Day 1987 Heidrick shot and fatally wounded his estranged wife, Jennifer. As a result he was charged with first degree murder, burglary of dwelling, possession of a firearm by a convicted felon, and use of firearm while committing or attempting to commit a felony. A jury found him guilty of committing the offenses of first degree felony murder, and burglary of dwelling and the trial court entered judgment on the jury’s verdict. The court then sentenced Heidrick to life imprisonment on each charge with a mandatory minimum sentence of 25 years on the murder charge. The sentences were ordered to run concurrently.
As stated, we find merit only in Heid-rick’s contention that the trial court erred in failing to utilize a sentencing guidelines scoresheet in imposing sentence on the burglary conviction. The state has conceded this was error. See Worthington v. State, 501 So.2d 75 (Fla. 5th DCA 1987) (“guidelines do not apply to capital felonies either as primary offenses or as additional offenses at conviction. However, a score-sheet must be prepared and utilized covering all offenses subject to guidelines sentencing which are pending before the court for sentencing.”)
Accordingly, we affirm both adjudications of guilt and the sentence imposed for the murder conviction but reverse the sentence imposed for the burglary conviction and remand that issue to the lower court for resentencing.
AFFIRMED in part; REVERSED in part; and REMANDED.
GOSHORN and HARRIS, JJ., concur.

. § 782.04(l)(a)(2), Fla.Stat. (1987).

. § 810.02(2)(b), Fla.Stat. (1987).