PER CURIAM.
Appellant challenges his judgment and sentence for first-degree murder and attempted armed robbery. We affirm the first-degree murder conviction and sentence without comment. However, we agree with Appellant that the trial court committed sentencing errors relating to his attempted robbery conviction. Accordingly, we reverse and remand on that count alone.
Appellant raises two sentencing errors, both of which were properly preserved by a timely Rule 3.800(b)(2) motion. Appellant first contends that his fifteen-year sentence for attempted robbery is illegal because the trial court improperly classified the crime as a second-degree felony instead of a third-degree felony. The State properly concedes that Appellant was convicted of attempted robbery without a weapon, which is a third-degree felony. See § 812.13(2)(c), Fla. Stat. (2009); § 777.04(4)(d), Fla. Stat. (2009). The maximum permissible punishment for a third-degree felony is five years. § 775.082(3)(d), Fla. Stat. (2009). Therefore, the trial court erred in sentencing Appellant above the maximum punishment for a third-degree felony. Consistent with Appellant’s argument and the State’s concession, the judgment should be corrected to reflect that Appellant was found guilty of attempted robbery without a weapon, a third-degree felony, and Appellant should be resentenced accordingly.
Appellant next contends that the trial court erred by failing to utilize a guidelines scoresheet during sentencing. The State properly concedes that a score-sheet should have been prepared and used when sentencing Appellant for attempted robbery, a noncapital offense. Fla. R. Crim. P. 3.704(d)(5). However, the State argues, and we agree, that the use of a scoresheet was not necessary when sen- *1188 tenting Appellant for the capital offense of first-degree murder. Worthington v. State, 501 So.2d 75, 75 (Fla. 5th DCA 1987). On remand, Appellant should be resentenced for attempted robbery based upon a properly calculated scoresheet.
AFFIRMED in part, REVERSED in part, and REMANDED.
LEWIS, C.J., BENTON and RAY, JJ., concur.