# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2023-3268
_____

BRIAN KEITH EASTERLING,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Coleman L. Robinson, Judge.

May 14, 2025


PER CURIAM.

Brian Keith Easterling appeals his conviction for first degree murder and resulting life sentence, raising two claims of error related to the conviction and one claim related to the sentence. We affirm.

Easterling first claims error in the denial of his motion for a judgment of acquittal that sought to reduce the charge from first to second degree murder. Easterling concedes that the evidence showed that he shot and killed the victim but argues that evidence of premeditation was lacking. *Compare* § 782.04(1)(a)1., Fla. Stat. (2022) (requiring "premeditated design" as an element of murder in the first degree) *with* § 782.04(2), Fla. Stat. (stating that "[t]he unlawful killing of a human being, when perpetrated by any act

imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premediated design" is murder in the second degree).

"Appellate review of a denial of JOA is de novo, viewing the evidence and all reasonable inferences from the evidence in the light most favorable to the State." *Taylor v. State*, 363 So. 3d 126, 128 (Fla. 1st DCA 2023) (citing *Lanier v. State*, 264 So. 3d 402, 405 (Fla. 1st DCA 2019)). "Premeditation can be formed in a moment and need only exist 'for such time as will allow the accused to be conscious of the nature of the act he is about to commit and the probable result of that act.'" *Ford v. State*, 267 So. 3d 1070, 1075 (Fla. 1st DCA 2019) (quoting *DeAngelo v. State*, 616 So. 2d 440, 441 (Fla. 1993)). "Premeditation may be inferred from the nature of the weapon used, the presence or absence of adequate provocation, previous difficulties between the parties, the manner in which the homicide was committed and the nature and manner of the wounds inflicted." *Id.* (quoting *Jones v. State*, 36 So. 3d 903, 907 (Fla. 4th DCA 2010)).

Here, viewed in a light most favorable to the State, the record establishes that the victim was shot in the back of the head as he was walking away from Easterling. "A plan to kill may be demonstrated by the defendant's actions and the circumstances surrounding the murder even when there is evidence that the final decision to kill was not made until shortly before the murder itself." *Baker v. State*, 71 So. 3d 802, 819 (Fla. 2011) (citation omitted). The State established through Easterling's confession to the investigating officer that Easterling was angry with the victim for failing to repay a loan. Easterling further admitted he was angry because he thought he was being taken advantage of by the victim.

While Easterling may have formed an intent to shoot the victim only shortly before doing so, he shot the victim in the head at close range. Such conduct shows an intent to kill. *See Ford*, 267 So. 3d at 1075. An execution style killing is considered calculated and premeditated. *See Wood v. State*, 209 So. 3d 1217, 1228 (Fla. 2017) (citations omitted) (explaining that "'[t]he manner in which a murder is carried out can indicate a cold and calm plan,' for example shooting the victim once in the head execution-style" and

2

that such a plan "'involves a much higher degree of premeditation' than is required to prove first-degree murder"); *see also Eutzy v. State*, 458 So. 2d 755, 757–58 (Fla. 1984). There was no error in the denial of the motion for a JOA.

Easterling next argues that the trial court erred in denying his motion to suppress his confession to law enforcement. In the motion, Easterling argued that his confession was not freely and voluntarily given because it was given in the middle of the night while Easterling was suffering from insomnia because of a mental condition and was under the influence of a high dosage of benzodiazepine and other medication.

When reviewing a ruling on a motion to suppress, a trial court's factual findings are reviewed for competent, substantial evidence while legal conclusions are reviewed de novo. *See Tyson v. State*, 351 So. 3d 1184, 1186 (Fla. 1st DCA 2022). Before Easterling was questioned, he was advised of his right to remain silent and other rights as stated in *Miranda v. Arizona*, 384 U.S. 436 (1966), but waived those rights and gave a statement. The statement was recorded on video from two angles. In denying the motion to suppress after viewing the videos of the confession, the trial court stated, "I saw no slurring. I saw no mumbling. I saw no grogginess. I saw responsiveness. I saw alertness. I saw appropriate answering of questions."

Severe intoxication or inebriation that "rises to the level of mania" can be grounds to suppress a statement made during custodial interrogation. *Rigterink v. State*, 193 So. 3d 846, 865 (Fla. 2016) (citations omitted). But here, competent, substantial evidence supports the trial court's finding that Easterling was not even impaired. The trial court appropriately denied the motion to suppress Easterling's confession.

Finally, Easterling argues error in his sentencing in that no Criminal Punishment Code scoresheet was prepared before the trial court imposed a life sentence. But the Code does not apply to capital felonies. *See* § 921.002, Fla. Stat. Easterling was convicted only of first degree murder and that is a capital felony. *See* § 782.04(1)(a), Fla. Stat. If the State is not seeking the death penalty, a life sentence is mandatory for first degree murder

3

committed by an adult.  *See* § 775.082(1)(a), Fla. Stat.  The trial court appropriately sentenced Easterling without a scoresheet. *See Johnson v. State*, 149 So. 3d 1186, 1187–88 (Fla. 1st DCA 2014).

AFFIRMED.

OSTERHAUS, C.J., and ROBERTS and BILBREY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jessica J. Yeary, Public Defender, and Justin F. Karpf, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Julian E. Markham, Assistant Attorney General, Tallahassee, for Appellees.